JUDGE OOFEE
delivered the opinion of the court.
The act to provide a mechanics’ lien law for the city of Louisville and county of Jefferson, approved March 2, 1869 *297 (1 Session Acts, 1869, p. 562), is still in force. (See Nunes v. Wellisch, post.)
The second section of that act provides “that any person or persons having a lien under this act may enforce the same by petition in equity in the Louisville Chancery Court. . . . Provided such petition be filed within one year from the completion of the work, or furnishing the materials. All the persons having a lien may join in the petition, or one or more may file a petition against the employer and the persons, or any of them, having a lien. Any person having a lien, not a party to the case, may, on his motion, be made a party defendant; and all defendants having liens may set up their respective claims by answer, without the necessity of making the same a cross-petition. It shall be the duty of the owner or employer to make distinct answers to each claim set up in the petition or answer, without other service of process, except the summons on the original petition.”
The appellees claimed a lien on the buildings and premises belonging to the appellant, and being made defendants, set up their claim in their answer, and were entitled to a judgment enforcing their lien without making their answer a cross-petition against the appellant, who was their employer, and without service of process on him. Being before the court on the original petition, he was bound by the express language of the statute to take notice of all claims asserted by any one who was made a defendant in the original petition, or who might be made a party by order of court during the progress of the suit. Such practice differs from that prescribed for all other classes of eases, is perilous to the party to be affected by it, and ought not to be carried beyond the letter of the statute. It does not in terms authorize a personal judgment against the owner or employer, and as no process was sued out and served on appellees’ answer setting up their claim, and it was not answered by the appellant, no personal judgment should *298 have been rendered, and the same is void. The court therefore erred in overruling the appellant’s motion to quash the replevin bond taken under that judgment.
Judgment reversed, and cause remanded with directions to quash the bond.