W. H. STEELE, Respondent, v. W. H. BRAZIER, Appellant.

Springfield Court of Appeals, December 6, 1909.

1. ATTACHMENT: Ground That Debt Sued For Was Fraudulently Contracted Not Sustained. Where plaintiff is induced by false and fraudulent representations to purchase from defendant and pay for two shareholders' contracts for deeds issued under the name of a colonization company, and on discovering the fraud sues for money had and received; *Held*, that in such case an attachment cannot be sustained under the fourteenth subdivision of the attachment act (where the debt sued for was fraudulently contracted on the part of the debtor) for the reason that the debt sued for was not fraudulently of otherwise contracted by defendant. [Following Finley v. Bryson, 84 Mo. 664.]

2. ———: Debt Fraudulently Contracted. Under the fourteenth subdivision of the attachment act, a debt to be fraudulently contracted must have been the result of some material deceptive act, word or concealment on the part of the debtor done or suffered by him with the intention to induce the opposite party to consent to a debt and the fraudulent transaction must cul-

minate in a debt. The unlawful conversion or fraudulent act of a party whereby he secures the property or money of another, although the law implies a promise on the part of the wrongdoer to reimburse the party defrauded, does not create a debt within the meaning of the attachment act.

3. **ACTIONS: Assignable When Arising Out of Contract.** Where parties are induced to purchase shareholders' contracts for deeds in a colonization company through the false and fraudulent representations of defendant, they each have a cause of action for money had and received and this action arises out of contract and under section 540, Revised Statutes 1899, is assignable.

4. ————: ————: **Assignment of Contract: Rights of Assignee.** In an action for money had and received growing out of false and fraudulent representations made to several parties by defendant in the sale of certain contracts for deeds, an assignment to plaintiff of the contracts by the several holders thereof is not an assignment of their cause of action for money had and received.

5. **PLEADING: Amendment: Departure.** The statute in regard to amendments was intended to be so liberalized as to cure all sorts of defects of form and to permit the correction of any error in the substantial features of the case on timely application; but a new or different cause of action cannot be supplied by an amended petition. Such an amendment constitutes a departure.

6. ————: ————: ————: **Tests For Distinguishing An Amendment From A New Cause of Action.** The tests in determining whether the amended petition is an amendment or the substitution of a new cause of action are: (1), that the same evidence will support both petitions, (2), that the same measure of damages will apply to both. If both of these fail, the new pleading is not an amendment but a substitution of a new cause of action.

7. ————: ————: ————: **Making Petition Definite and Certain Not a Departure.** An amended petition which makes definite and certain that which before was indefinite and uncertain is proper and does not constitute a departure.

8. ————: ————: ————: **Stating Additional Cause of Action.** Plaintiff will not be allowed to introduce an entirely new cause of action but may, by amendment, separately state causes of action which under the provisions of the statute, can be united in the same petition.

9. ———: ———: ———: **Last Amended Petition Compared With Original.** For the purpose of determining whether the last amended petition in this case is a departure, said last amended petition must be compared with the original petition, though no objection was raised to the first amended petition on the ground of departure.

Appeal from Webster Circuit Court.—*Hon. Argus Cox*, Judge.

REVERSED AND REMANDED (*with directions*).

*O. L. Haydon, Lewis Luster* and *W. P. Campbell* for appellant.

(1) The judgment under the plea in abatement should be reversed. Finley v. Bryson, 84 Mo. 664; Sandeen v. Railroad, 79 Mo. 278; Force v. Squier, 133 Mo. 306. (2) The second amended petition was a departure and stated a new cause of action. Drake v. Railroad, 35 Mo. App. 553; Lumpkins v. Collier, 69 Mo. 170; Herman v. Glan, 129 Mo. 325; Scovill v. Glasner, 79 Mo. 449; Purdy v. Pfaff, 104 Mo. App. 331; Bick v. Vaughn, 120 S. W. 618; Lamar v. Drug Co., 118 Ga. 850; 45 S. E. 671; Scott v. Robards, 67 Mo. 289; Cook v. Putnam Co., 70 Mo. 668; Gas Light Co. v. Pratt, 7 Mo. App. 573; McConey v. Wallace, 22 Mo. App. 377; Peir v. Heinrichhoffen, 52 Mo. 668; Finley v. Bryson, 84 Mo. 664; Clark v. Transfer Co., 129 Mo. 225. (3) The plaintiff should elect between his causes of action. Sidway v. Live Stock Co., 163 Mo. 342; Arteberry v. Powell, 29 Mo. 429; Young v. Schoefield, 132 Mo. 650. (4) The petition does not precisely show whether plaintiff seeks to recover for breach of contract to convey land, or for money obtained by false representations, and should be made definite and certain. R. S. 1899, sec. 612; Sidney v. Live Stock Co., 163 Mo. 342; Attebury v. Powell, 29 Mo. 429. (5) The commencement of second amended petition in the first count contains matter of inducement which need not

be repeated in the succeeding counts. But to read the matter following the twentieth count into any count, it should be embodied in the first count and intelligently referred to in the subsequent counts. Clark v. Whitaker Iron Co., 9 Mo. App. 446; Brockler v. Railroad, 10 Mo. App. 448; Gas Light Co. v. St. Louis, 86 Mo. 495; Webb v. Squier, 51 Mo. App. 601; Russell v. Railroad, 83 Mo. 507. (6) The plaintiff cannot recover on the second to twentieth counts inclusive, because if as claimed, said causes of action are founded on fraud and deceit practiced on plaintiff's assignors, they are rights of action which cannot be assigned. Harrison v. Craven, 188 Mo. 590; 87 S. W. 962; Wilson v. Railroad, 120 Mo. 45; Smith v. Harris, 43 Mo. 557; Jones v. Babcock, 15 Mo. App. 149; 3 Pom. Eq. (2 Ed.), 1276; 2 Story Eq. (13 Ed.), 1040; Weissenfels v. Cable, 208 Mo. 515, 106 S. W. 1028. (7) The written contract pleaded has not been rescinded, and the plaintiff cannot waive it, and sue on an implied contract. Johnson v. Strader, 3 Mo. 359; Stollings v. Sappington, 8 Mo. 118; Christie v. Price, 7 Mo. 430. (8) If what follows the twentieth count contains the constitutive averments, and what precedes can be read into it, there is a misjoinder, and the plaintiff should be required to elect, or separately state. R. S. 1899, sec. 593; Henderson v. Dickey, 50 Mo. 161; Christal v. Craig, 80 Mo. 367; Scott v. Robards, 67 Mo. 289; Marsh v. Richards, 29 Mo. 99; Doan v. Halley, 25 Mo. 357; Childs v. Bank, 17 Mo. 213; Mooney v. Kennett, 19 Mo. 552; Waechter v. Railroad, 113 Mo. App. 270; 88 S. W. 147. (9) The assignment of the contract does not carry with it the right to sue for fraud in its procurement. 2 Story Eq. Jur. (3 Ed.), 899. (10) Plaintiff's assignors are the real parties in interest, in all the counts except the first. Weissenfels v. Cable, 208 Mo. 515, 106 S. W. 1028.

*Guy C. Barr* and *M. E. Morrow* for respondent.

(1)   The law will imply a promise to repay money had and received by a party, when it is not unjust and inequitable, to the party to whom the promise is thus imputed.   Corrigan & Waters v. Brady, 38 Mo. App. 649; 3 Pomeroy's Eq. Jur. (3 Ed.), sec. 1047; Kuntz v. Livingston, 15 Cal. 344; Deal v. Bank, 79 Mo. App. 262; Winningham v. Fancher, 52 Mo. App. 458; Cary v. Curtis, 3 How. (U. S.) 235; Clark v. Bank, 57 Mo. App. 277; Richardson v. Drug Co., 92 Mo. App. 515; Johnson v. Bank, 116 Mo. 568; Crigler v. Duncan, 121 Mo. App. 381; Clifford v. Donovan, 195 Mo. 262; Wilson v. Turner, 164 Ill. 398; Covey v. Webber, 96 Mich. 357; Hathaway v. Town of Cincinnatus, 62 N. Y. 434; 14 Ency. of Pl. and Pr., p. 53; Royce, Allen & Co. v. Oakes, 39 L. R. A. 845.   (2)  There was no new cause of action stated in either the second or third petition. Even if the first two petitions had not been for money had and received, such causes of action in third petition, or second amended petition, would be no departure. Harrison v. Murphy, 106 Mo. App. 465; Cohn v. Sanders, 175 Mo. 455; Land Co. v. Case, 104 Mo. 572; Ward v. Davidson, 89 Mo. 445; Pratt v. Walther, 42 Mo. App. 491.   (3)  Plaintiff should not have to elect between his causes of action.  R. S. 1899, sec. 593; McHoney v. Insurance Co., 44 Mo. 426; Morrison v. Herrington, 120 Mo. 665; Ware v. Johnson, 55 Mo. 500; Burnside v. Wayman, 49 Mo. 356.   (4)  When, in a suit in equity, facts are stated under which the plaintiff would be entitled to some relief, a demurrer should not be sustained, but the court should proceed to hear and determine all matters cognizable under the facts pleaded.   Morrow v. Morrow, 113 Mo. App. 444; Fisher v. Patton, 134 Mo. 32; Williams v. Gerber, 75 Mo. App. 29; Tanner v. Railroad, 180 Mo. 1.   (5)  The test of the assignability of a cause of action seems to be as to whether it would survive to the executor or adminis-

trator. If it survives, then it is assignable; if not, it is not assignable. Snyder v. Railroad, 86 Mo. 613. Actions for tort survive. R. S. 1899, sec. 96; Snyder v. Railroad, 86 Mo. 613; Dean v. Chandler, 44 Mo. App. 338. (6) It has become axiomatic that where a party has obtained money which in equity and good conscience he ought not to retain, this action will lie. Clifford Banking Co. v. Donovan, Com. Co., 195 Mo. 288; Richardson v. Drug Co., 92 Mo. App. 515; Crigler v. Duncan, 121 Mo. App. 381; Dean v. Bank, 79 Mo. App. 262; Henderson v. Koenig, 192 Mo. 690. (7) Even if respondent's assignors were the real parties in interest, that fact would not prevent him from maintaining this action. The debtor is completely protected by the assignment, and cannot complain if he has to pay a claim to an assignee instead of the original obligee; and this is the law independent of section 540, Revised Statutes 1899. Guerney v. Moore, 131 Mo. 650; Long v. Heinrich, 46 Mo. 603; Pomeroy, Rights and Remedies, sec. 132; Webb v. Morgan, 14 Mo. 429; Haysler v. Dawson, 28 Mo. App. 531; Beattie v. Lett, 28 Mo. 598.

STATEMENT.—This suit was commenced in the circuit court of Howell county by filing a petition and an affidavit for attachment on the 30th day of November, 1907, a copy of which affidavit for attachment is as follows (caption omitted):

"This affiant, Guy C. Barr, being first duly sworn on his oath, states that he is attorney and authorized by the plaintiff in the above entitled cause, to make this affidavit for an attachment therein, that said plaintiff W. H. Steele has a just demand against the defendant herein.

"That the amount which this affiant believes he ought to recover, after allowing all just credits and setoffs, is one thousand and forty dollars; and that this affiant has good reasons to believe and does believe.

"That the defendant conceals himself so that the ordinary process of law cannot be served upon him.

"That the defendant has absconded and absented himself from his usual place of abode in the State of Missouri, so that the ordinary process of law cannot be served upon him.

"That the defendant is about to remove his property and effects out of the State of Missouri, with the intent to change his domicile.

"That the defendant has fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors.

"That the defendant has fraudulently concealed, removed and disposed of his property and effects so as to hinder and delay his creditors.

"That the defendant is about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors.

"That the defendant is about fraudulently to conceal, remove and dispose of his property and effects so as to hinder and delay his creditors.

"That the debt herein sued for was fraudulently contracted on the part of the debtor —— the defendant —— herein."

Afterward, on the 23d day of March, 1908, the defendant filed a counter-affidavit in the nature of a plea in abatement denying the grounds for attachment alleged in said affidavit, which is in words and figures as follows (caption omitted):

"Now comes the defendant, W. H. Brasier, and says that the plaintiff ought not to have and maintain the proceedings in attachment in this cause against him because the defendant says that the grounds for attachment set forth in the affidavit for attachment are untrue as follows: It is not true as alleged in the affidavit upon which attachment was issued:

"That the defendant conceals himself so that the ordinary process of law cannot be served upon him.

"It is not true: 'That the defendant has absconded and absented himself from his usual place of abode in the State of Missouri, so that the ordinary process of law cannot be served upon him.'

"It is not true: 'That the defendant is about to remove his property and effects out of the State of Missouri with the intent to defraud, hinder and delay his creditors.'

"It is not true: 'That the defendant has fraudulently conveyed and assigned his property and effects so as to hinder and delay his creditors.'

"It is not true: 'That the defendant has fraudulently concealed, removed or disposed of his property and effects so as to hinder and delay his creditors.'

"It is not true: 'That the defendant is about fraudulently to convey and assign his property and effects so as to hinder and delay his creditors.'

"It is not true: 'That the defendant is about fraudulently to conceal, remove or dispose of his property and effects so as to hinder and delay his creditors.'

"It is not true: 'That the damages for which this action is brought are for injuries arising from the commission of a felony by the defendant herein.'

"It is not true: 'That the debt herein sued for was fraudulently contracted on the part of the debtor, the defendant herein.'

"Wherefore, the defendant asks that the attachment abate and be dissolved at the cost of the plaintiff and bondsmen."

On the 10th day of August, 1908, in the Howell Circuit Court, the plaintiff asked and obtained leave to file an amended petition, which was filed on said date.

Plaintiff stated for his cause of action in this first amended petition that the defendant, with the intent to cheat and defraud the plaintiff and other parties therein mentioned, fraudulently represented that he was the owner in fee of ten thousand acres of valuable

land in the counties of Howell, Ozark and Douglas, that several hundred acres of the land was well improved with valuable residences and barns, that there were many valuable springs and wells on the land, and that these representations were made as a part of a scheme to cheat and defraud the plaintiff and the other parties mentioned; that in order to carry out the said scheme, the defendant had literature circulated containing representations of the existence of valuable farms on this tract of land, and stating that each and every shareholder purchasing of him under said scheme would have conveyed to him in fee simple a portion of the said lands, being not less than two town lots and not more than one hundred and sixty acres; that plaintiff and others believed the said representations, were deceived thereby and were induced to purchase twenty-nine shares at $40 each; that the other parties purchasing assigned their shareholders' contracts to this plaintiff; that the defendant did not have the lands such as he represented; that his representations as to such lands were false and fraudulent and misled the plaintiff and the other parties; that by reason of such fraudulent representations, he was damaged in the sum of $1,160 for which he asked judgment.

On the 17th day of August, 1908, in the circuit court of Howell county, the plea in abatement coming on for trial, the plaintiff offered evidence tending to sustain the allegations of his petition, and the testimony of the plaintiff, W. H. Steele, was heard. At the conclusion of the evidence offered by the plaintiff to sustain the attachment, the defendant offered no evidence, but filed a demurrer to the evidence and assigned the following grounds:

"First: That there is no substantial evidence to support the grounds alleged for the attachment; nor any one of such grounds.

"Second: There is no substantial evidence that the plaintiff or any other of the alleged subscribers for

shares in the Siloam Springs Colonization Company were misled and induced to subscribe for such shares, by any false and fraudulent representations by the defendant.

"Third: The evidence on the part of the plaintiff shows that he and the other alleged subscribers were engaged in a lottery scheme, which is contrary to public policy and the alleged shares purchased by them were intended to be used by them as mere evidence of a right to share in a lottery.

"Fourth: There is no substantial evidence that any alleged representations of fact made by the defendant were false and known to be false by the defendant at the time of such subscriptions.

"Fifth: The evidence on the part of the plaintiff shows that the inducement of the subscriptions aforesaid was the chance of drawing one of the capital prizes in a lottery."

This demurrer was overruled by the court and the defendant excepted.

The issues on the plea in abatement were tried by the court without a jury, and the court found for the plaintiff on the last ground for attachment alleged in the affidavit—the fourteenth subdivision of the statute—that the debt for which the suit was brought was fraudulently contracted by the defendant. Judgment was rendered overruling the plea in abatement and sustaining the attachment as to said last-mentioned ground. The defendant filed a motion for a new trial and a motion in arrest, and these being overruled, the defendant below has perfected his appeal to this court on the judgment sustaining the attachment.

Afterward, on August 25, 1908, the defendant filed an affidavit for a change of venue which was approved by the court, and the cause was removed to the circuit court of Webster county. The same came on for trial on March 17, 1909, and plaintiff filed a second amended petition which is in substance as follows: Plaintiff

alleged that the defendant was engaged in doing business under the name of the Siloam Springs Colonization Company, and that on or about the 24th day of February, 1906, in consideration of the sum of $80 paid him by the plaintiff, the defendant executed and delivered to the plaintiff two shareholders' contracts for deeds, both of which are in words and figures as follows:

"THE SILOAM SPRINGS COLONIZATION COMPANY,
*Kansas City, Mo.*

"This certifies that W. H. Steele is the owner of one share of forty dollars each being one undivided one five-thousandth interest in ten thousand acres in Howell, Douglas and Ozark counties, Missouri, owned by the Siloam Springs Colonization Company.

"The Siloam Springs Colonization Company hereby agrees to redeem and cancel this certificate by deeding ten thousand acres to the shareholders in tracts as they themselves may elect; the same, however, not to be in violation of the laws of the United States or Missouri.

"In Witness Whereof, the said Company has caused this certificate to be signed by the general manager and to be sealed by the company seal at Kansas City, Missouri, this, the 24th day of February, A. D. 1906.

"W. H. BRASIER, General Manager."

For a second and further cause of action, plaintiff stated that on or about the —— day of ——, 1906 in consideration of the sum of one hundred and twenty dollars paid by W. J. Vannix, the defendant executed and delivered to the said W. J. Vannix a contract for a deed for three shares in the Siloam Springs Colonization Company, which contract is in words and figures the same as that executed and delivered to W. H. Steele, a copy of which is above set out; that on or about the —— day of ——, 1907, and before the commencement of this action, the said W. J. Vannix did, for a valuable consideration, transfer and assign all his interest in and

to said contract to this plaintiff by an instrument in writing, signed and delivered by him to the plaintiff, a copy of which was attached to the petition. (The petition then sets forth eighteen other causes of action from the third to the twentieth inclusive, all exactly like the second except as to names of assignors, which are of different persons named, and as to the number of shares of each assignor.)

After the twenty causes of action, the petition continues substantially as follows: That in order to induce the plaintiff and others mentioned to enter into said contract, the defendant falsely and fraudulently represented that he had organized a company known as the Siloam Springs Colonization Company for the purpose of purchasing and selling a large tract of land containing ten thousand acres located in Howell, Douglas and Ozark counties in the State of Missouri; that the company was owned and controlled by men of large financial means and capable of and competent to manage and finance a company to handle this tract of land, and that the company had a perfect and marketable title to the land; that the defendant prepared and circulated literature describing this tract of land, and represented that the tract was covered with heavy timber, worth from six to twenty-five dollars per acre, and that the land had been appraised at $750,000; that it had an artesian well of great value on it, and fifteen valuable iron mines containing great quantities of ore; together with other representations concerning said land; that the plaintiff and the others under whom he claims relied on said statements and was induced to pay to the defendant the sum of $1,240; that the defendant well knew these representations to be false and fraudulent, and were made to induce the plaintiff and others to purchase shareholders' contracts for deeds; that the said sum of money was received by the defendant without any consideration, and that the defendant never carried out his contract with plaintiff or plaintiff's assignors

or any part thereof; and plaintiff asked for judgment for $1,240 *for money had and received.*

On the 18th day of March, 1909, the defendant filed a motion to require the plaintiff to make his second amended petition more definite and certain, which was by the court overruled and exceptions saved. Afterward, the defendant filed a separate demurrer to each of the twenty counts, and assigned as grounds that each and all did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant; that the plaintiff improperly united several causes of action; that the second amended petition states a new cause of action and is not a proper amendment, and changes substantially the original cause of action stated in his first petition. This demurrer was by the court overruled to which the defendant excepted, and the defendant failing to plead further and electing to stand on his demurrer, the following judgment was entered (caption omitted) :

". . . Whereupon the court doth find from said petition that defendant has obtained of and from plaintiff's assignors the sum of twelve hundred and forty dollars ($1,240) by means of certain false and fraudulent statements and representations as stated in said petition; that the allegations in said petition are true; and that said sum of twelve hundred and forty dollars ($1,240) so obtained as aforesaid should be returned to the plaintiff.

"Wherefore, it is considered, ordered, adjudged and decreed by the court that plaintiff recover of and from the defendant the said sum of twelve hundred and forty dollars ($1,240) together with his costs in this cause expended and that he have execution therefor. . . ."

The defendant filed a motion for a new trial and a motion in arrest of judgment, and these being overruled, in due form perfected his appeal from the judgment sustaining the attachment and from the judgment on the merits.

NIXON, P. J. (after stating the facts)—It will be seen from the statement in this case that at the time of filing the petition, an attachment was sued out in aid of it; that there were numerous causes set out as grounds for such attachment, and, among others, subdivision fourteen of the attachment act, section 366, Revised Statutes 1899, which is as follows:

"14. Where the debt sued for was fraudulently contracted on the part of the debtor."

Upon the hearing of the plea in abatement, the court found all the causes for attachment for the defendant except number fourteen, and sustained the attachment on the ground that the debt sued for was fraudulently contracted on the part of the debtor. The evidence on the hearing of the plea in abatement tended to prove the following state of facts: That the defendant was doing business under the name of the Siloam Springs Colonization Company, and that in consideration of the sum of eighty dollars paid to the defendant, he executed and delivered to the plaintiff two shareholders' contracts for deeds, the form of which has been set forth in plaintiff's second amended petition; that twenty-nine other contracts or certificates were issued to different persons which were assigned to the plaintiff; that the defendant, in order to induce the plaintiff and the other parties to enter into the contract, made various false and fraudulent representations upon which plaintiff and those under whom he claims relied, and were thereby induced to pay the defendant the sum of $1,240; that the representations as to the quality, value, situation and surroundings were wholly false and fraudulent, made for the purpose of defrauding and cheating the plaintiff and those under whom he claims; and that there was a total failure of consideration.

## I.

The question first presented is whether the evidence of t'1e plaintiff.tended to show that his cause of action was for a debt fraudulently contracted within the meaning of the attachment act, the claim of the plaintiff in his petition being that his suit is for money had and received. This action was properly brought for money had and received upon two shareholders' contracts purchased by the plaintiff of the defendant and set up in the first count of plaintiff's second amended petition. [Johnson-Brinkman Co. v. Central Bank, 116 Mo. 558; Crigler v. Duncan, 121 Mo. App. 381; Clifford Banking Co. v. Donovan Commission Co., 195 Mo. 262; Shinnabarger v. Shelton & Lane, 41 Mo. App. 147.] The question as to what is a *"debt fraudulently contracted"* under this section of the attachment law has received repeated adjudications in this State. In Finlay v. Bryson, 84 Mo. 664, the Supreme Court gave the first authoritative interpretation. In that case the plaintiff sued for money had and received for his use, and stated that this money consisted of the proceeds of two pair of mules sold by the defendant as the property of the plaintiff and received by the defendant. The evidence tended to show that the defendant received four mules, the property of the plaintiff, with directions to sell the same and deposit the proceeds to the credit of the plaintiff, but that he sold the mules and converted the proceeds to his own use. An attachment was filed in aid of the plaintiff's suit *on the ground that the debt sued for was fraudulently contracted on the part of the debtor.* The court in that case say: "The statute we are construing seems to proceed upon this principle, by allowing to sue on the debt, and prosecute an attachment against the debtor's property, for having fraudulently induced it." The court further hold in that case that the evidence produced at the trial "fails to show that any debt was ever contracted at all by the debtor, not to say anything of

the manner in which it must have been contracted to answer the language of the statute. . . . As a matter of fact he agrees to no debt, nor can he lawfully treat it as such. That privilege belongs to the other side, not to him."

The case of Riley, Wilson & Co. v. Shelley Mfg. Co., 93 Mo. App. 178, was an action by plaintiffs to recover of the defendants the amount paid by them to the defendants as the purchase price of a quantity of catsup. The court there define a debt to be, "a sum of money due by certain and express agreement; it denotes any kind of a just demand." And it is held that a demand created by the fraud of the defendant whereby he secures the money of the plaintiff is not a debt within the meaning of the attachment act, even though the law implies a promise on the part of the defendant to reimburse the plaintiff, and the following is quoted from the opinion in the case of Finlay v. Bryson, supra: "The fraudulent transaction referred to must culminate in a debt. The debtor must have been guilty of some material deceptive act, word or concealment, done or suffered by him with the intent to induce the opposite party to consent to the debt. . . . But the unlawful conversion of property or money results only in damages so far as the acts of the wrongdoer are concerned. As a matter of fact, he agrees to no debt, nor can he lawfully treat it as such. That privilege belongs to the other side, not to him."

In the case of Sunday Mirror Company v. Galvin, 55 Mo. App. 412, it was held that "the conversion of money, though fraudulent on the part of the tortfeasor, will not constitute a fraudulent contraction of a debt within the purview of the statute defining the grounds of attachment." Referring to the opinion in the case of Finlay v. Bryson, supra, the court say: "The reasoning of the learned commissioner is to the effect that, where the *gravamen* of the complaint lies in *tort,* there can be no *debt* within the meaning of the attachment

law. Thus, if the right of recovery is based solely on the wrongful conversion of property, the right of recovery does not rest in *debt*, but is one for damages resulting from the wrongful acts of the wrongdoer. . . . To authorize an attachment for a debt fraudulently contracted, the conduct of the defendant must have *culminated in a debt.*"

The principles laid down in these decisions leave no doubt as to how the question now before us should be disposed of. The cases cited cannot be distinguished in their essential facts from the present touching the right of attachment. The case of Finlay v. Bryson, supra, being the last previous ruling of the Supreme Court on this question of law, is controlling on this court. [Constitution, Amend. 1884, section 6, R. S. 1899.] We therefore hold that the plea in abatement should have been sustained and the attachment dismissed.

## II.

The causes of action in this case were assignable under section 540 of the Revised Statutes of 1899, which provides that every action shall be prosecuted in the name of the real party in interest except as otherwise provided in the next succeeding section, "but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." This section would seem to authorize the assignment of every thing in action arising out of contract, and to make a distinction as to what is and what is not assignable. The action for money had and received in this case was an action for a thing arising out of contract under this section of the statute, and was accordingly assignable. Dean v. Chandler, 44 Mo. App. 338, where, in an action for fraud and deceit, the cause of action for such deceit was held to be assignable.

### III.

The statute in regard to amendments in the State of Missouri was intended to be so liberalized as to cure all sorts of defects of form and permit the correction of many errors in the substantial features of the cases on timely application, but a new or different cause of action cannot be supplied by an amended petition, such amendment constituting a departure. [Heman v. Glann, 129 Mo. 325; Ross v. Mineral Land Co., 162 Mo. 317.]

The original petition in this case is as follows (caption omitted).

"Plaintiff for his cause of action states that on or about the —— day of ——, 1907, the defendant, with intent to cheat and defraud the plaintiff falsely and fraudulently, represented and stated to the plaintiff that the defendant was the owner in fee of ten thousand acres of valuable agricultural lands suited to the profitable production of all kinds of grain, fruits, vegetables and grasses in abundance at and near the town of Siloam Springs in Howell, Douglas and Ozark counties, Missouri, that several hundred acres of said lands was in cultivation and well improved with valuable residences and barns thereon; that in order to further his said scheme to cheat and defraud plantiff, the defendant exhibited certain literature containing photographs of valuable farm residences and barns and growing wheat fields which said pictures the defendant represented to be true and correct representations of the buildings and growing grain on said land, and the plaintiff believing said false representations and pretenses and being deceived thereby was induced by same to pay the defendant the sum of one thousand and forty dollars. Whereas, in truth and in fact the defendant on said date did not own any land whatever in said counties, and whereas the pictures and illustrations in the literature exhibited to plaintiff as aforesaid by the defend-

ant was not a correct representation of the buildings and growing grains and fruits at or near said town of Siloam Springs, but were representations of farms, grains and fruits located and growing elsewhere than on said land, all of which said facts the defendant then and there well knew.

"Wherefore plaintiff prays judgment for sum of $1,040 and costs."

Now the tests under the decisions of this State for determining whether the amended petition is an amendment or the substitution of a new cause of action are: (1) That the same evidence will support both petitions; (2) That the same measure of damages will apply to both. If both of these fail, the new pleading is not an amendment, but a substitution of a new cause of action. [Scovill v. Glasner, 79 Mo. 449; Grigsby v. Barton County, 169 Mo. 221.] The purpose of determining whether the last amended petition in this case is a departure from the original cause of action, the second or last amended petition must be compared with the original petition, though no objection was raised to the first amended petition on the ground of departure. [Purdy v. Pfaff, 104 Mo. App. 331.]

The amendment in this case of the first cause of action was not a departure. The statement of the plaintiff's cause of action in his original petition was very indefinite, but this indefiniteness was removed in his second amended petition. He had a right to amend by making that definite and certain which was before indefinite and uncertain in his original petition, and such amendment would not constitute a departure. [Pratt v. Walther, 42 Mo. App. 491.] In this case, the first count in the original petition and the first count in the second amended petition will stand the two tests heretofore mentioned,—that the same evidence would support both pleadings, and the same judgment would be rendered in the one case as in the other.

If there was no departure as to the first count in. plaintiff's second amended petition, we know of no rule of pleading that would deny the plaintiff the right by subsequent amendment to insert other causes of action, provided they were separately stated and consistent with each other under the statutory rules of pleading. The plaintiff cannot be allowed to introduce an entirely new cause of action, but may by amendment introduce such additional causes of action as under the provisions of the statute could be united in the same petition. Such is the general rule in those States that have adopted the modern codes of pleading and practice. [Section 593, R. S. 1899; 39 Am. Dig. (Cent. Ed.), Col. 2035, sec. 686.]

## IV.

In this case we have found that the cause of action could be assigned because it arose out of contract. The remaining question is, Were the causes of action sued upon in this case for money had and received assigned to the plaintiff? It will be recalled that the shareholders' contracts in the Siloam Springs Colonization Company were assigned to the plaintiff in the following form: "I hereby assign the within contract for a deed to W. H. Steele. (Signed) W. J. Vannix." The contract with Vannix was the basis of the second count in plaintiff's second amended petition, and the other assignments to the plaintiff of the shareholders' contracts for deeds were in the same form. This assignment upon its face only carried to the plaintiff the title to those shareholders' contracts with the defendant and all the rights which may have inhered in them; they gave the plaintiff, as assignee, no right or title to bring the present action for money had and received. The right given to the assignee under the shareholders' contracts and the right to sue for money had and received are entirely distinct causes of action, and the assignment of the

shareholders' contracts did not convey to the plaintiff the right to bring the present action.

We find no sufficient evidence to justify the charge that this was a lottery scheme.

In consideration of the view that we have taken of this case, we deem it unnecessary to discuss other questions that are raised in the record. The judgment is accordingly reversed and the cause remanded with directions to set aside the judgment and grant a new trial on the plea in abatement and to grant a new trial on the merits. *Gray, J.,* concurs; *Cox, J.,* not sitting.