## Wendt, et al. v. Tucker.

(Decided November 7, 1919.)

### Appeal from Campell Circuit Court

1. Appeal and Error—Jurisdiction—Amount in Controversy—Statutory Lien.—Since a proceeding to collect a street assessment is an action to enforce a statutory lien on real estate, an appeal will lie from a judgment denying the contractor a lien for a portion of his claim, although the amount of money involved is only $39.68.

2. Municipal Corporations—Public Improvements—Sewers—Liability for.—A portion of a street of a city was occupied by a ravine which was a natural water course. A drain was necessary to protect and preserve the street. The ordinance ordered the improvement to be made in accordance with the plans and specifications of the city engineer. The specifications called for the drain: Held, that as the drain was constructed not for the benefit of the adjoining property owners, but to protect and preserve the street, it was a necessary and indispensable part of the street itself, and the cost of the drain and the necessary catch basins was properly chargeable to the abutting property owners, although the ordinance ordering the improvement did not in terms provide for the drain.

3. Municipal Corporations—Public Improvements—Liability for.—In such a case the fact that the drain was laid in the adjoining property instead of the street proper is not material, where this was done with the consent of the abutting property owners, who thus dedicated their lands to the public use, and the plan adopted was cheaper and better than if the drain had been laid in the street itself.

4. Municipal Corporations—Public Improvements—Sewers—Liability for.—In such a case the abutting property owner's liability is not affected by the fact that his property did not abut the drain, since

that portion of the street ordered to be improved was the unit, and the entire cost of the improvement was chargeable against the property owners according to the number of front feet owned by them, although the topographical conditions were such as to make the cost at some places greater than at others.

WM. W. WARREN and C. W. YUNGBLUT for appellants.

HUBBARD SCHWARTZ for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The grade of Terrace Avenue in the city of Dayton was quite steep. For a long distance a portion of the east side of the roadway was occupied by a ravine, which also extended beyond the roadway for a few feet. This ravine was several feet in depth and the width of that portion in the roadway varied from about three or four feet in certain places to fifteen feet or more in other places. The board of council of the city of Dayton passed a resolution declaring the necessity for the improvement of Terrace Avenue by original construction, with combined concrete curb and gutter and bituminous macadam roadway and cement sidewalk, and directing the city engineer to report the grade for said street, together with plans and specifications and an estimate of the cost thereof. The plans and specifications prepared by the city engineer provided for a fill or embankment, and for five hundred feet of drain pipe to carry off the water. An ordinance was passed approving the plans and specifications, and ordering the improvements. Upon completion of the work, the cost thereof was assessed against the abutting property holders.

W. R. Tucker, one of the abutting property holders, brought suit to enjoin the issue of apportionment warrants by the city to the contractor, Louis H. Wendt. Wendt answered and set up his lien. On final hearing the chancellor adjudged that the cost of the drain and catch basins could not be assessed against the property owners, but that the city was liable therefor. Following this ruling, Wendt was adjudged a lien on Tucker's property for the sum of $172.82, and was given judgment against the city for $39.68. Wendt and the city appeal.

The action being one to enforce a statutory lien on real estate, and Wendt having been denied a lien for a portion of his claim, we have jurisdiction of the appeal,

although the amount of money involved is only $39.68. Section 950, Kentucky Statutes.

In support of the judgment it is argued that the drain was a separate improvement not provided for by the ordinance; that it was not laid in the roadway but on private property; that it was not built in front of Tucker's property; and that Tucker had already been assessed $1.00 per front foot for a sewer theretofore constructed by the city. We may concede that if the drain in question was, as a matter of fact, a part of the sewerage system of the city, and therefore a separate improvement, an ordinance providing for its construction would have been necessary before the cost thereof could have been assessed against the property owners. Manifestly, the power to order a street improved carries with it as a necessary incident the additional power to adopt such plans and specifications as are reasonably necessary to make the street not only safe and suitable, but substantial and permanent. Because of the location of the ravine in and along the street in question, only two plans for the proper construction of the street were possible. One was to fill that portion of the ravine occupied by the roadway, and then build a retaining wall ten or twelve feet in height. The other was to protect the roadway by a fill or embankment, extending beyond the line of the roadway, and then take such steps as were necessary to prevent the water, which theretofore flowed through the ravine, from undermining and destroying the roadway. The latter plan was adopted and approved by the council because it was much cheaper than the erection of the retaining wall. The plans and specifications called for the drain and four thousand cubic yards of earth with which to make the fill. This earth was used to make the fill within the line of roadway. No charge was made for the fill extending beyond the roadway. The only charge was for the drain pipe and catch basins, which were necessary to take the place of the natural drain. Had the city constructed the street in and along the ravine, which was a natural water course, without adopting any means to prevent the water from washing the street away, it would have been guilty of gross negligence. In providing for the drain and catch basins in the place of the natural water course, its purpose was not to construct either a sanitary or storm water sewer for the benefit of the adjoining property owners, but to provide a means for protecting and preserving the street itself. In view of these circum-

stances, we do not regard the drain and catch basins as a separate improvement, but as a necessary and indispensable part of the street itself. Cone v. City of Hartford, 28 Conn. 363; Gates v. City of Grand Rapids, 134 Mich. 96, 95 N. W. 998; Kirkland v. Board of Public Works, 142 Ind. 123, 41 N. E. Rep. 374. Though the ordinance did not in terms provide for the construction of the drain, it did provide for the improvement of the street in accordance with the plans and specifications of the city engineer. These specifications provide for the drain, and the catch basins were necessary to make the drain effective. That being true, we conclude that the cost of the drain and catch basins was properly chargeable to the abutting property owners, although the ordinance did not in terms provide for their construction.

We do not regard as material the fact that the drain was laid in the adjoining property instead of in the street proper. This was done with the consent of the abutting property owners, who thus dedicated their lands to the public use, and the plan adopted was cheaper and better than if the drain had been laid in the street itself.

Nor is there any merit in the contention that Tucker is not chargeable with any portion of the cost of the drain, because his property did not abut that portion of the improvement. Dayton is a city of the fourth class, and the board of council had the power to order the improvement of any street or any portion thereof. Section 3572, Kentucky Statutes. Here, Terrace Avenue was ordered to be improved from the south line of the C. & O. Railway to the south corporation line. Hence, that portion of the street ordered to be improved was the unit, and the entire cost of the improvement was chargeable against the abutting property owners according to the number of front feet owned by them, although the topographical conditions were such as to make the cost at some places greater than at others.

It follows that Wendt should have been adjudged a lien on Tucker's property for the sum of $212.50, and that no judgment should have been rendered against the city.

Judgment reversed and cause remanded for proceedings consistent with this opinion.

Whole court sitting, Judge Quin dissenting.