# Downing et al. v. Town of Chinnville et al.

(Decided January 23, 1931.)

WAUGH & HOWERTON for appellants.

JOHN T. DIEDERICH for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

By ordinance, duly enacted, the board of trustees of the town of Chinnville, a municipality of the sixth class, situated in the county of Greenup, ordained that certain streets of the town should be constructed at the exclusive cost of the property abutting on the streets to be improved. Pursuant to this ordinance, contracts were let and the work was done at a total cost of $65,709.23. Across three of the streets which were thus improved there ran a small ravine through which flowed a stream of water. It was necessary, of course, to carry the street across this ravine. Instead of using the culvert method of construction, the trustees decided to cross the ravine by bridges and so ordained in the improvement ordinance. The bridges which spanned this ravine were from eighteen to twenty feet in length. One of them cost $3,433.70, and the other two, $1,328.40 and $1,330.96, respectively. The cost of these three bridges were assessed against all of the streets, eight in number, which were improved under the ordinance referred to.

Appellant, as a citizen and taxpayer and as an owner of a lot fronting on one of the streets which bridged this ravine and which was improved under the ordinance mentioned, brought this suit for himself and all others similarly situated for the purpose of purging the cost of the three bridges from the apportionment laid against the property abutting on all eight streets for the street improvement and, if unable to do this, then to correct the method of apportionment of the cost of the bridges by apportioning the cost of each bridge against the property abutting on the street which crossed the ravine by the bridge in question, instead of apportioning the cost of all of the bridges against the property abutting on all eight of the streets which were improved as provided in the improvement ordinance. A demurrer being sustained to his petition, the appellant declined to plead further and his petition was dismissed. He appeals.

The first question to be decided is whether the cost of a bridge like those here involved can be included in the cost of a street carried across a ravine such as we have here and, being so included, be apportioned with the cost of the rest of the street against property abutting on the street thus improved.

In the case of City of Hazard v. Adams, 229 Ky. 598, 17 S. W. (2d) 703, 704, there was involved the apportionment of the cost of an improved street which had been carried across a stream by means of a large culvert, the construction alone of which cost $1,327. Holding that the cost of constructing the culvert was properly included in the cost of the street which was apportioned against the property abutting on the street, we said:

"Manifestly, the improvement contemplated all construction necessary and indispensable to a completed street, and these culverts, although of large dimensions (4 by 5 by 75 feet), and costly to erect, were essential. There could have been no street without bridging the stream in some manner. The facts appearing in Wendt v. Tucker, 185 Ky. 626, 216 S. W. 61, are not materially different from those presented in this case, and the law therein declared is entirely applicable. See also City of Covington v. Sullivan, 172 Ky. 534, 189 S. W. 709; Janutola & Comadori Const. Co. v. Taulbee, 211 Ky. 356, 277

S. W. 477 (involving construction of East Main street, of Hazard); Board of Councilmen, etc., v. Jillson, 225 Ky. 61, 7 S. W. (2d) 859. The construction of the culverts and the assessments for the cost against the property holders were duly authorized, and it cannot be said that the inclusion of their cost in the street assessments is depriving the owners of abutting lands of their property without due process of law, as appellees contend.''

We can see no sound distinction between that case and the instant one. In this case, it would have been entirely feasible to have carried the streets across the ravine in question by culverts instead of by bridges. The board of trustees, to whom is confided the decision in these matters, chose the method of bridges. The distance to be crossed was not great and the streets had to be carried across the spaces or they would have been useless as streets. Of course, under the guise of a street improvement, municipal authorities cannot construct a bridge over any considerable stream or valley and charge its cost against the property which abuts on the street or streets which lead up to such bridge. In such state of case, the bridge is in no real sense a part of the street within the meaning of the statutes regulating the apportionment of the cost of street improvements. But on the other hand, where the space to be spanned is not great and can at least be feasibly crossed by culverts, feasibly not only from the engineering standpoint but also from the standpoint of a reasonably economical cost, then whether bridges shall be used instead of culverts is a question which directs itself to the discretion of the legislative bodies of the cities, and that discretion will not be controlled or overridden by the courts at least where it has not been abused. In this case, the spaces to be spanned in no case exceeded twenty feet. The cost of two of the bridges did not exceed the cost of the culvert in the city of Hazard case. The third bridge was more expensive to construct. The bridges, or had they been culverts as they easily could have been, were essentially parts of a street construction, rather than independent structures erected to cross large streams or wide valleys. The board of trustees in their discretion decided that the bridge method was the better method to use here and that the crossings of the ravine were essentially parts of the street involved. Under the facts, that

discretion was not abused, and hence it was entirely proper to include the cost of the bridges in the cost of the streets to be apportioned as such.

Appellant next contends that even if the cost of the bridges could be included in the cost of the streets, yet each bridge must be assessed against the property abutting on the street which crosses the bridge and that it was error to assess the cost of all the bridges against all eight streets improved, five of which, at least, did not cross any of the bridges. It will be recalled that the property of the appellant abuts on one of the streets which does cross one of these bridges. Hence it is certain that his property must bear its part of the cost of at least one of these bridges. To exonerate the five streets which do not cross any of these bridges would in no wise help the appellant. He alleges no facts to show that a reapportionment such as he seeks would in any wise lessen the burden on his property. In Chawk v. Beville, 56 S. W. 414, 21 Ky. Law Rep. 1769, we said:

"The rule is well settled that, in order to entitle the party complaining of an apportionment to relief in cases of this character, he must show that, under the proper method of apportionment, he would be required to pay less than under the method adopted. McHenry v. Selvage, 99 Ky. 232, 35 S. W. 645 (18 Ky. Law Rep. 473); Barret v. Stone Co., 52 S. W. 947, (21 Ky. Law Rep. 669)."

See also Bayes v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623, L. R. A. 1916B, 1027; Baldrick v. Gast, 79 S. W. 212, 25 Ky. Law Rep. 1977; Barber Asphalt Paving Co. v. Garr, 115 Ky. 334, 73 S. W. 1106, 24 Ky. Law Rep. 2227.

The appellant having failed to show that, under the method of apportionment which he claims to be proper, he would be required to pay less than under the method adopted, cannot require a reapportionment. Nor can he in his suit undertake to protect the claimed rights of owners of property abutting on the five streets that do not cross the bridges as his and their interests are not in common. Batman v. Louisville Gas & Electric Co., 187 Ky. 659, 220 S. W. 318; Union Light, Heat & Power Co. v. Mulligan 177 Ky. 662, 197 S. W. 1081.

The judgment of the trial court is affirmed.

Whole court sitting.