# Louisville & Nashville Railroad Co. v. Garrard et al.

(Decided June 19, 1934.)

128

ASHBY M. WARREN and BLACK, BLACK & OWENS for appellant.

J. J. TYE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

E. G. Garrard and Nellie McDowell Garrard brought this suit in the Knox circuit court against the Louisville & Nashville Railroad Company and the city of Barbourville to recover $108.59, the balance claimed to be due them under a contract between them and the city for the cost of construction of a portion of Knox street in the city of Barbourville within the railroad company's right of way. The contract was executed and delivered in accordance with an ordinance of the city providing for the paving of Knox street for a width of 20 feet, beginning at Allison avenue and ending at the Dixie highway, excepting that portion of the street within the railroad company's right of way, which was paved 30 feet. The railroad company counterclaimed and sought to recover against the Garrards $126.94 on account of overpayment for that portion of the cost of the construction of Knox street, not including 10 feet of the 30 feet constructed within its right of way. Judgment was rendered in the Garrards' favor for $108.59, and the counterclaim of the railroad company was dismissed.

A personal judgment was rendered against the railroad company. This was an error. Moss v. Andrews Asphalt Paving Co., 229 Ky. 419, 17 S. W. (2d) 255; C. & O. R. R. Co. v. City of Olive Hill 231 Ky. 65, 21 S. W. (2d) 127; Jenkins v. City of Bowling Green 251 Ky. 119, 64 S. W. (2d) 457.

The $108.59 was assessed against the railroad company as the cost of constructing within its right of way 10 of the 30 feet. The cost of improving Knox street excluding this extra 10 feet was apportioned by a proper ordinance of the city among the abutting property owners; the amount so apportioned to the railroad company as the cost of 20 feet within its right of way was $699.81, which it paid to the Garrards and declined

to pay the $108.59, the cost of the extra 10 feet of the entire width of the paved portion of the street within its right of way.

The ordinance providing for the paving of the street did not specify the width of the improvement; but the plans and specifications of the improvement, it is claimed, showed the width the street was to be constructed. The ordinance provides:

"Said street shall be paved and said curb and gutter constructed with the plans and specifications therefor on file in the office of the mayor of said city which plans and specifications are here referred to, adopted and made part of this ordinance by annexation hereto."

The plans and specifications referred to in this provision of the ordinance are not a part of the record. The railroad company insists they do not show that the extra 10 feet within its right of way was to be constructed. With the plans and specifications absent, we are unable to determine the correctness or incorrectness of its contention in this respect. In their absence it is our duty to assume that if present they would support the judgment of the chancellor. It is an established rule of practice where all of the evidence is not brought here, every fact necessary to support the judgment must be assumed to have been in favor of the party for whom judgment was rendered. Sections 335-337, Civ. Code Prac.; Bowen v. Gradison Const. Co., 236 Ky. 270, 32 S. W. (2d) 1014; Patterson v. Miracle, 253 Ky. 347, 69 S. W. (2d) 708. Applying this rule, it cannot be said the finding of the chancellor, that the plans and specifications which were made a part of the ordinance authorizing the improvement, do not embrace the extra 10 feet of the construction within the right of way of the railroad company.

The railroad company complains because the cost of constructing the extra 10 feet within its right of way was apportioned entirely against it. It insists the entire cost of paving Knox street, including that portion within its right of way, was chargeable against all of the abutting property owners according to the number of feet they owned, and it was an error on the part of the council to apportion against it the entire cost of

the extra 10 feet in width of the construction within its right of way. In this insistence, we concur.

It is an accepted rule that where an improvement of a street is made at the cost of the lot owners the expense must be apportioned among them in the ratio of the front feet of their respective lots. The cost of the work done in front of each lot cannot be taken as a measure of the liability of that lot owner. Kerr v. City of Owensboro, 5 Ky. Law Rep. 863; Wendt v. Tucker, 185 Ky. 626, 216 S. W. 61; Downing v. Town of Chinnville, 237 Ky. 121, 34 S. W. (2d) 961.

The cost of paving the extra 10 feet assessed and apportioned by the city against it should have been apportioned among the owners of the abutting property in the ratio of the front feet of their respective lots.

The Garrards, to escape this rule of apportionment, argue that:

"In the absence of fraud or collusion between the council and contractors, the acceptance of the work by the council as being done in accordance with the ordinance and contract is conclusive upon the property owners."

To sustain this insistence, they cite section 3574, Kentucky Statutes; Creekmore v. Central Con. Co., 157 Ky. 336, 163 S. W. 194; Lovelace v. Little, 147 Ky. 137, 143 S. W. 1061; Tuggle v. Marsee, 231 Ky. 650, 21 S. W. (2d) 1022.

Section 3574, and our construction of it, deals with an entirely different topic to that now under consideration. The acceptance of the work by the council as being done in accordance with the ordinance and contract is not disputed or questioned by the railroad company. It is complaining of the council's failure to apportion among the lot owners whose property fronts on Knox street the expense of the improvement in the ratio of the front feet of their respective lots. The cost of the work and material used in the construction of the extra 10 feet of the improvement within the right of way of the railroad company was assessed against it alone and not apportioned among the lot owners in the ratio of the front feet of their respective lots, including the railroad company. This rule was applied to 20 feet; but 10 feet of the improvement was apportioned only against the railroad company.

The railroad company's objection to apportioning against it the entire cost of the extra 10 feet of the improvement within its right of way is not controlled by section 3574. The act of the city council apportioning against it the entire cost of the extra 10 feet increased the burden on its property. The facts show that a reapportionment which it seeks will lessen this burden. The rule is if the owner of property abutting the street improvement can show the burden is increased on his property, because of an apportionment of the cost of a street improvement, he may avail himself of a reapportionment, and thus lessen the burden on his property. Chawk v. Beville, etc., 56 S. W. 414, 21 Ky. Law Rep. 1769; Downing v. Town of Chinnville, supra, and authorities cited.

The railroad company clearly establishes that an apportionment of the cost of constructing the extra 10 feet within its right of way was erroneously made by the city and the facts entitle it to a reapportionment in conformity with the rule herein reiterated.

As a basis of its counterclaim, the railroad company alleges:

"The said city assessed against it a distance of eleven feet more than it owned property abutting said street. This it did not know, and discover until after it had paid to the plaintiffs the sum of $699.86. This additional distance is assessed against this defendant along the right of way of the said Dixie Highway. Said right of way is forty feet in width—twenty feet on either side of the center line of the concrete road bed laid down thereon. * * * The cost of the construction of the said road bed of Knox Street on the said eleven feet of the said Highway right of way charged and assessed against the defendant herein and it, without knowledge of said erroneous charge, paid for said construction to the plaintiffs herein, about January 1st, 1928. The said sum is approximately $110.00," which it should recover of the plaintiff

By an amended answer and counterclaim it alleged "spreads" were made on either side of the street where it appoaches the Dixie highway at one end and the intersection of a street at the other end and the cost thereof and is assessed at $2.90 per square yard, or a

gross charge of $223.30, of which $16.64 was improperly apportioned against its property and had been paid as a part of the $699.86. It sought to recover this $16.64 on its counterclaim.

The allegations setting up its counterclaim of $110 are not sustained by the evidence. As to the $16.64, it is satisfactorily shown by the testimony of the witnesses that the plans and specifications show the ''spreads'' were to be constructed as a part of the improvement, and inasmuch as the ordinance authorizing the improvement adopted the plans and specifications and directed the letting of the contract in accordance with them and the contract was executed accordingly, the city properly apportioned the cost of the ''spreads'' among the property owners in ratio of the front feet of their property abutting on Knox street.

The railroad company manifests its right to require a reapportionment of the cost of the extra 10 feet constructed within its right of way.

Therefore, the judgment is reversed for this purpose and proceedings consistent with this opinion.