# Wilkins et al. v. Hubbard

(Decided Feb. 1, 1938.)

W. V. EATON for appellants.

J. D. MOCQUOT for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

Sam T. Hubbard instituted this action against Ray Wilkins, acting chief of the fire department of Paducah, and G. Tandy Smith, construction supervisor and consultant of the city, asking that they be mandatorily enjoined and compelled to issue to him and to his contractor a building permit for the construction of a boiler room and loading shed to be used in connection with a tobacco warehouse which he owns and operates in Paducah.

On final hearing he was granted the relief sought and the defendants are appealing. He alleged in his petition, in substance, that he had submitted plans and specifications of the proposed structure to the acting chief of the fire department, the person authorized to issue permits for the construction, alteration, and repair of buildings, and that the latter referred same to the construction supervisor and consultant of the city and that they arbitrarily and without authority on warrant of law refused to grant the permit.

Defendants, in addition to a general denial of the allegations, set up certain ordinances of the city relating to the construction, reconstruction, repair, etc., of buildings and affirmatively alleged that appellee had not complied with the provisions of such ordinances and that the proposed building did not conform to requirements of the building code as adopted by ordinance.

In October, 1937, the city of Paducah adopted an ordinance adopting the building code recommended by the national board of fire underwriters, except certain clauses and sections thereof expressly eliminated, to-

.gether with the standards of safety adopted and approved by the division of fire insurance and fire prevention and rates, sections of Kentucky Statutes. The building code recommended by the national board of fire underwriters, which it appears was rather voluminous, was adopted by reference and not set forth in the ordinance. The building code referred to in the ordinance was introduced in evidence in the lower court, but has not been made a part of the record.

Without setting out in detail grounds argued for reversal and various points discussed in brief by counsel for respective parties, it may be said that Paducah, a city of the second class, is expressly authorized by section 3066, Kentucky Statutes, to enact ordinances and establish rules and regulations concerning the maintenance, construction, remodeling, and repair of buildings so as to prevent the spread of fire, provided such rules and regulations are reasonable. Tilford v. Belknap, 126 Ky. 244, 103 S. W. 289, 31 Ky. Law Rep. 662, 11 L. R. A., N. S., 708. This, in fact, is conceded by counsel for appellee. Such authority is not only expressly granted by statute, but may be justified under the police power, and every person who acquires property in Paducah does so subject to the right of the city to prescribe such reasonable rules and regulations with respect thereto for the public good and the safety of others. McCown v. Gose, et al., 244 Ky. 402, 51 S. W. (2d) 251.

Counsel for appellee apparently is not making any attack on the validity of the ordinances relied on by appellants and we therefore see no reason for determining all questions concerning them referred to by counsel for appellants, nor do we find it necessary to enter into a discussion or analysis of the evidence, except that we might say with propriety that even under the evidence before us and the facts and circumstances revealed by the record, we would not feel justified in disturbing the chancellor's finding, however, there is another and compelling reason for not disturbing the judgment of the chancellor. The code adopted by the ordinances in October, 1937, as already indicated, was introduced in evidence below but was not made a part of the record here. It is a rule of universal application in this and all other appellate courts that where all the

evidence is not brought up on appeal, every fact necessary to support the finding or judgment of the lower court must be assumed to have been in favor of the successful party. Louisville & N. R. Co. v. Garrard et al., 255 Ky. 127, 72 S. W. (2d) 1024, 1025; Hargis et al. v. W. T. Congleton Company, 252 Ky. 192, 66 S. W. (2d) 98; Bowen v. Gradison Construction Company, 236 Ky. 270, 32 S. W. (2d) 1014.

Judgment affirmed.