## Jones et al. v. Fuller.

Dec. 1, 1939.

J. Milton Luker and Flem D. Sampson for appellants.

Tuggle & Tuggle for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

On November 10, 1936, the appellant, Jones, recovered a judgment in the Knox Circuit Court against the Fuller Motor Delivery Company for $2,099.99 for personal injuries. In the petition it was alleged that the Fuller Motor Delivery Company was a corporation and the return on the summons read as follows:

"Executed by delivering to Sid Adkins, Superintendent of Fuller Motor Company in Kentucky. He being the highest officer and agent of defendant in my county and the person in charge of its office garage headquarters works and equipment in Eastern Kentucky and its chief office and officers and agents being in Cincinnati, Ohio, and none of the same being found by me in Kentucky. It has no higher officer or agent than Sid Adkins in Kentucky. This May 19, 1936.

"M. L. Anderson, Police, Policeman of City of Corbin, Kentucky."

Sid Adkins, mentioned in the return, appeared specially by counsel and moved to quash the return on the summons on the ground set forth in the attorney's affidavit that he had never been an officer, agent or employee, of the Fuller Motor Delivery or the Fuller Motor Delivery Company, and that there was no such corporation as the Fuller Motor Company or the Fuller Motor Delivery Company, although he had formerly been an employee of Harry Fuller, a non-resident of the State who did business as Fuller Motor Delivery. The motion to quash the return was overruled and no defense being interposed a jury was impaneled and the aforesaid judgment rendered. On February 1, 1938, an execution was issued on the judgment and placed in the hands of a constable of Kenton County who levied the same in Covington on fourteen automobile trucks belonging to the appellee, Fuller, who, in order to obtain a release of the trucks, executed a replevin bond in the name of the Corporation against which the judgment had been rendered.

On May 5, 1938, the appellee, Fuller, instituted this action in equity in the Knox circuit court, seeking a cancellation of the replevin bond and an injunction enjoining the issuance of an execution on it. A restraining order was issued by the Clerk, and thereafter, by an amended

petition, appellee prayed that the judgment mentioned be adjudged void. An answer was filed traversing the allegations of the petition and setting up several affirmative defenses which will be hereafter noticed. The record does not disclose that any reply was filed, but the parties apparently treated the issues as joined, and filed in support of their respective claims numerous affidavits. On July 8, 1938, the Court entered a judgment reciting that the parties had consented that the Court render a final judgment ''on the oral evidence heard before the Court and the affidavits filed on the motion for an injunction.'' The judgment then proceeded:

''The court having considered the case and being advised, finds and adjudges that the execution mentioned in the petition and evidence was issued on a judgment against a corporation, that said execution was placed in the hands of J. C. Spicer, a constable of Kenton County, Kentucky, and while in full force was levied upon the trucks mentioned in the petition and evidence of sufficient value to satisfy the execution, however, the property levied on was the individual property of the plaintiff, Harry Fuller, and not subject to levy and sale under said execution, that said Fuller was required by said officer, in order to protect his property and at his own expense and trouble procure a solvent surety, satisfactory to the said officer, and to execute the replevin bond mentioned in the petition, that the execution of said replevin bond was without consideration and void, and that the property of the said Fuller and levy thereon was released by said officer by reason of the execution of the replevin bond as aforesaid.

''It is adjudged that the defendant, J. C. Jones, and H. L. Taylor, Clerk of the Knox Circuit Court, be and they are hereby perpetually enjoined from collecting said replevin bond and enforcing the levy of said execution upon the property levied on, and from enforcing the collection of said judgment against the individual property of the said Fuller. The plaintiff will recover of the defendant Jones his cost herein to all of which the defendants except and pray an appeal to the Court of Appeals, which is granted.''

The oral testimony which the Court heard is not before us, nor does it appear to have been made a part

of the record by bill of exception or otherwise. Obviously, therefore, we cannot on this partial record hold that the Trial Court committed error in adjudging the replevin bond to be void or in enjoining the collection of the judgment, provided the allegations of the petition and the facts recited by the Court in its judgment are sufficient as a matter of law to entitle the appellee to the relief granted. Wilkins et al. v. Hubbard, 271 Ky. 780, 113 S. W. (2d) 441, and authorities there cited.

Ignoring the effect of their failure to present to this Court the oral testimony above referred to, appellants' counsel assume that the deficiencies of the original return on the summons issued in the original action against the Fuller Motor Delivery Company were cured by an amended return which was attempted to be made after the present suit was instituted. The record, however, fails to disclose that the amendment of the return was authorized by the court and no order respecting it appears in the record, and without the permission of the Court we know of no authority by which it could have been amended. Civil Code of Practice, Section 49.

Many questions for decision are presented by the briefs of counsel, but few by the record. By appellants' counsel we are in effect asked to hold, not only that the judgment against the non-existent corporation was a valid judgment, but that it was binding on the appellee because of his alleged conduct in holding his business out to the public as being that of an incorporated company. In support of the latter request we are cited decisions of this Court, for example, Central Consumers Company v. Ralston, 202 Ky. 94, 259 S. W. 67, to the effect that a corporation or individual sued in the wrong name must disclose the error by plea in abatement or be bound by the judgment. But we know of no theory by which an individual who has not been summoned in some capacity, or who has not appeared in the suit by a pleading of his own or in the name or an incorrectly sued defendant could be held to be so bound. If the appellee by his conduct had induced the appellant, Jones, to believe that the Fuller Motor Delivery Company was a corporation and the summons had been served upon him as an officer of the alleged corporation, a different question would have been presented. But, in the present case, appellee, in an affidavit filed during the course of the proceedings, not only vehemently denied that he did anything to induce the belief that his business was in-

corporated but stated that Adkins upon whom the summons was served, was not in his employ at the time of the service, and had never been in his employ except as an automobile mechanic, and that he, the appellee, did not learn of the institution of the suit until after the judgment had been rendered. It also overlooks the fact that we have no means of knowing what the oral testimony heard by the chancellor disclosed. Furthermore, appellee stated in his affidavit that in another suit instituted by the appellant, Jones, in the Knox circuit court to recover for his injuries, he, the appellee, had filed a petition and bond for the removal of the action to the District Federal Court, in which petition and bond he disclosed the fact that he was doing business under the name of Fuller Motor Delivery.

Assuming that a policeman of the City of Corbin had power to serve a summons in a civil action, for which we find no authority, and that service of summons on Adkins was sufficient to have upheld the default judgment against the Fuller Motor Delivery Company, had there been such a corporation, it was certainly not sufficient to have warranted the rendition of a judgment against appellee as an individual had he been sued as such, since Subsection 6 of Section 51 of the Civil Code of Practice has been held unconstitutional. Greene, et al. v. Commonwealth, by Marshall, 275 Ky. 637, 122 S. W. (2d) 523. And since appellee would not have been bound by a judgment rendered on such a service had he been sued as an individual, it follows that he is not bound by the judgment against the non-existent corporation. If Jones could not have obtained a judgment in Kentucky against Fuller by serving summons upon Adkins, Jones could not have been prejudiced by Fuller's concealment of the fact, if it was concealed, that Fuller was doing business as an individual.

Assuming the facts to have been as alleged by the appellee in his petition and found by the Court in its judgment, we are forced to the conclusion that the judgment on which the execution was issued was void as to the appellee and that the replevin bond was executed under duress and without consideration. This being true, the replevin bond was likewise void and the Chancellor did not err in enjoining proceedings under it. Florrance, Adm'r, v. Goodin & Thomas, 5 B. Mon. 111; Seiglestyle v. Diesenroth, 12 Bush 296.

Judgment affirmed.