CASE 38.—PROCEEDINGS BY THE CITY OF COVINGTON
    AGAINST THE BOARD OF ALDERMEN, AND ALSO
    BY SAID CITY AGAINST W. H. RANSHAW AND
    OTHERS, BOTH CASES HEARD TOGETHER.—
    June 20.

## Board of Aldermen v. City of Covington

Appeal from Kenton Circuit Judge.

W. McD. SHAW, Circuit Judge.

From the judgment both parties appeal—Affirmed.

Municipal Corporations—Appointment of Employes—Statutory
    Provisions—Construction.—Under Ky. Stats. 1903, section
    3118, providing that the mayor shall appoint a superintendent
    of public works, but tnat such superintendent shall not make
    any appointments or employments until the number and com-
    pensation of appointees and employes shall have been fixed
    by ordinance, etc., held that while the superintendent has
    no power to make any appointment until so authorized by
    the council, yet when by ordinance the council authorizes the
    appointment, etc., the superintendent has the right of ap-
    pointment of the employes, and the board of councilmen could
    not elect a person to hold the position created by them of
    overseer of the street cleaning department.

JOHN E. SHEPPARD, city solicitor, for appellants.

### POINTS AND AUTHORITIES.

1. The office of overseer of the street cleaning department
which the council attempts to create by ordinance is not such
an office as it can create.

2. There is no inherent power in the council to create offices
or officers.

Board of Aldermen v. City of Covington.

CITATIONS.

Ky. Stats., sections 3118, 3172; Acts 1850, 239; Lowery v. City of Lexington, 24 Ky. Law Rep., 520; 25 Ky. Law Rep., 394.

HARVEY MEYERS for appellees.

(No brief for appellees in the record.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

These two appeals, involving the same question of law, will be disposed of together. The only question in the cases is: Can the board of councilmen of the city of Covington create the position of overseer of the street cleaning department and elect a person to hold such position? The board of councilmen contend that they may do this, while the mayor and the superintendent of public works contend that the council has no power to create this place or appoint or elect a person to fill it.

Section 3118 of the Kentucky Statutes of 1903 provides in part that: "The mayor shall appoint a superintendent of public works, subject to the approval of the board of aldermen, for a term of two years; and he shall be subject to removal by the mayor, upon the approval of the board of aldermen. But said superintendent shall not undertake any improvement or perform any work, or make any appointments or employments, until said work and improvements shall have been authorized by ordinance, and until the number and compensation of appointees and employes shall have been fixed by ordinance, and the city shall not be held to any liability incurred by said superintendent in violation of this provision." The ordinance creating the place of overseer of the street

cleaning department reads as follows: "Be it ordained by the general council of the city of Covington: That in accordance with the charter governing cities of the second class it is hereby made the duty of the superin-tendent of public works to supervise the cleaning, sprinkling, repairing and improving of all streets, avenues, alleys, and public places in the city; and, in order to assist him in his duties, there is hereby cre-ated the office of overseer of the street cleaning department, which office is subordinate to that of superintendent of public works, and created for the purpose of assisting the superintendent in the dis-charge of his duties. Said overseer shall at all times be subject to the orders and under the authority of the superintendent of public works. It shall be the duty of said overseer of the street cleaning depart-ment to superintend and regulate the cleaning of streets alleys and public places, and catch-basins, and the removal of refuse in said city, under the direction of the superintendent of public works; and that for the purpose of carrying out the provisions of this ordinance, the city shall be divided into two districts. * * * Said overseer of the street cleaning depart-ment shall be elected as other officials are elected by the general council and shall hold office for the term of two years from the date of his election. He shall receive for his services the sum of $65 per month, payable as other salaries are paid."

After a careful consideration of the record, we have reached the conclusion that in disposing of the case it will not be necessary to pass upon many of the interesting and important questions presented by counsel in argument and brief. The superintendent of public works is a statutory officer, and his powers and duties respecting the streets, alleys, and public

places are specifically defined and described in the section of the statute relating to this officer. Under section 3118, supra, the superintendent "cannot undertake any improvement or perform any work, or make any appointments or employments, until said work and improvements shall have been authorized by ordinance, and until the number and compensation of appointees and employes shall have been fixed by ordinance." It was manifestly intended by this section to confer upon the superintendent the right to make such appointments or employments in connection with improvements and work required to be done upon the streets and public places of the city as the council gave him the right to appoint or employ. The superintendent has no power to do any work or make any appointment until so authorized by the council, and it is entirely within the discretion of the council whether or not they will adopt the recommendations made by the superintendent respecting the appointments he desires to make or the work he desires to do. But, while this power and discretion is lodged in the council, it cannot take away from the superintendent the naming of the persons that it authorizes him to employ or appoint. Charged with the general supervision of the work in connection with the streets, it is proper that he should have the appointment, subject to the approval of the council, of the persons who are to assist him in the performance of his duties. If the city council could make all of the subordinate appointments. the employes might be upon unfriendly or hostile terms with the superintendent, and thus impair the usefulness of the department under his control. This right of appointment in the superintendent, although not expressly conferred, follows by reasonable implication from a fair interpretation of the law,

and it is apparent that the interests of the city and public will be better protected by making the superintendent responsible for the efficiency of the employes under him for the prompt and faithful performance of the duties placed in his keeping.

This construction does not in any wise interfere with the right or authority of the council to superintend, control, and direct what improvements shall be made, and how many persons shall be employed, and what compensation shall be paid them; nor does it take from the council the power to abolish at its pleasure any appointments authorized. The statute by express terms leaves all these matters in the control of the council. Everything that the superintendent does in making appointments or doing work is subject to the approval of the council. All that he can do is to represent to the council the number of employes necessary, and it is with the council to say whether they shall be appointed. But, when the council by ordinance authorizes the appointment and fixes the number and compensation of the employes to perform any work in connection with the streets and public places, the superintendent of public works has the right of their appointment.

Wherefore the judgment in each case is affirmed.