## City of Harlan v. Coombs Land Company.

(Decided May 4, 1923.)

### Appeal from Harlan Circuit Court.

1. Municipal Corporations—Council Cannot Delegate to Mayor Power
to Employ Engineer.—A city council of a city of the fourth class
cannot delegate to the mayor the discretion given it by Ky. Stats.,
section 3558, to employ an engineer to supervise a particular public
improvement.

2. Municipal Corporations—Council Can Speak Only Through its
Records.—A city council or board of commissioners of a muni-
cipality can speak only through its records.

3. Municipal Corporations—Record Held not to Show Ratification by
Council of Mayor's Employment of Engineer.—Where a petition
to recover from property owners the amount paid an engineer em-
ployed by the mayor to supervise improvement work did not al-
lege that the engineer's contract of employment was ratified by
the city council by order, or at all, and the only orders filed with
the petition authorized the mayor to employ the engineer, and re-
cited that he reported he had done so, without any record of ap-
proval of the employment by the council, the record does not show
ratification of the mayor's act, so as to make a payment for the
engineer's services a charge against the property.

JOHN C. ADKINS and J. B. SNYDER for appellant.

SAMPSON & SAMPSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellee owns five lots fronting on Clover street in
the city of Harlan, a city of the fourth class. The city,
by ordinance and proceedings duly enacted in accordance
with its charter, contracted with the Bailey Construc-

tion Company to contract and surface this and other streets with Kentucky rock asphalt. The construction company completed its contract, and same was duly accepted by the city, and the costs thereof apportioned to the abutting property. The amount apportioned to appellee was $6,515.27, and this it seems to have paid, as that sum is not involved in this action, which seeks to recover of appellee 5 per cent. of that amount, or $325.76, alleged in the petition to be appellee's proportionate part of the cost of engineering and supervision of the improvement of Clover street. A demurrer was sustained to the city's petition as amended, and same dismissed, and it has appealed.

The petition alleges that the cost of engineering and supervision was a necessary part of the cost of the improvement; that it had no city engineer, and it was necessary to employ an engineer for.this work, which it did in the following manner:

On March 10th, 1922, the city council, by order duly made and entered upon its records, "gave the mayor of the city the authority to enter into a contract on behalf of the plaintiff with a competent engineer to lay out and supervise the said improvements on Clover street, in the city of Harlan. . . . That, acting by virtue of the authority so given and delegated to him, the mayor of Harlan entered into a contract in behalf of the plaintiff with J. B. McCalla & Company, an engineering concern, for the services of a competent engineer to lay out and construct said improvements on Clover street, and for such services the plaintiff agreed to allow the engineer 5 per cent. of the costs of the construction of said improvements, said 5 per cent. to be charged to abutting property owners in addition to the costs of improvements and construction, and this to be included in such costs. A copy of said resolutions authorizing the employment of an engineer for this work, and the compensation to be paid him is filed herewith as a part hereof, marked," etc.

It is then alleged that the said J. B. McCalla & Co., in accordance with the contract made with the mayor, and for the compensation provided therein, planned and supervised the improvement of said street.

The important questions raised by the appeal and discussed in the briefs, are: Whether the costs of the engineering work, performed under contract with a city of the fourth class, can be included in the costs of the improvement apportioned to the abutting landowners, and

if so, whether or not the city council may delegate to the mayor its power to contract for such work.

As we have concluded that the city council may not delegate to the mayor the power to employ an engineer for the purpose, as was attempted in this case according to the allegations of the petition, it results that the court did not err in sustaining a demurrer thereto, and all other questions that are or might have been raised, are waived.

The right of the city council to employ an engineer for a particular purpose is claimed under section 3558, Kentucky Statutes, as construed in connection with other sections of the charter of cities of the fourth class, by this court in Tennessee Paving-Brick Co. v. Barker, 22 Ky. L. R. 1069, 59 S. W. 755. In that case we said:

"The council, in the exercise of the plenary duties imposed upon it, may, in its discretion, employ an engineer for a particular work; and his acts done under authority of the council, and accepted and approved by it, are as valid as if done by a regularly elected city engineer. The purpose of the statute is to confide in the council, as the ultimate governing body of the city, the selection of these subordinate agents; and when an engineer is employed by it, and acts as city engineer, as in this case before us, his acts are certainly good as between third persons."

This statement is so clear and definite as to leave no doubt that in cities of this class not only may the city council employ an engineer for a particular work, but that this power is confided to the discretion of the city council. This being true, it is clear that the power can not be delegated by the council, as we expressly held upon authorities there cited and under somewhat analogous circumstances, in the recent case of Jameison v. City of Paducah, 195 Ky. 71, 241 S. W. 327.

Unless, therefore, the city council ratified the employment of the engineer by the mayor, it is likewise clear that the contract was unenforcible, and no part of the contract price for the services performed by the engineer is a valid charge against appellee or its property.

It is also settled law, as stated in the Jameison case, *supra*, that "A city council or board of commissioners of a municipality can speak only through its records."

It is not alleged in the petition that this contract was ratified by the city council by order, or at all. Nor is it stated that the engineer was employed to superintend

and direct the improvement otherwise than pursuant to the order delegating the authority to the mayor. A copy of that order is filed with the petition, and simply directs him to employ a competent engineer to superintend "the new street improvement work which is to be done during the summer and fall," and which presumably included not only the improvement of Clover street but of a number of other streets in the city.

Another order is also exhibited with the petition, which simply recites that the "mayor reports that he has signed up a contract with J. B. McCalla & Company of Knoxville, Tennessee, to furnish a competent man on the job, and the terms are 5 per cent. of all the work which they supervise and see after, and they are to receive the said 5 per cent. as the property owners pay the bills."

The order does not indicate that the council took any action upon this report of the mayor, and the report itself shows that the mayor did not even employ a competent engineer but delegated that power to McCalla & Company by contracting with it to furnish a competent man on the job.

That a city council may not thus delegate its powers, and especially so as to impose liability upon property owners and a lien upon their property within the city, seems to us too clear for argument.

Wherefore the judgment is affirmed.