## Wallace, Jr. v. City of Louisa.

(Decided May 15, 1925.)

### Appeal from Lawrence Circuit Court.

1. Evidence—Presumed that City Published Ordinance in City Newspaper as Required by Statute.—Under Kentucky Statutes, section 3638, as to publishing ordinances, court will presume that city authorities did their duty and that ordinance was published in newspaper published in such city.

2. Municipal Corporations—One Alleging Irregularity in Advertisement of Ordinance has Burden of Proof.—It being presumed that city authorities published ordinance in city newspaper, as required by Kentucky Statutes, section 3638, one alleging any irregularity in adoption and advertisement of such ordinance had burden of showing such irregularity.

3. Municipal Corporations—Improvement Work Held to Have Been Done According to Plans and Specifications.—Objection that street and sewer improvements were made without any plans or specifications held without merit, where it appeared that plans and specifications were made part of contract of assignee of one whose bid was accepted.

4. Municipal Corporations—Amount of Deposit with Bids for Improvements Immaterial, where Contract Made According to Accepted Bid.—That ordinance, providing for sewer and street improvements, required bidders to make deposit of $5,000.00 with their bids, whereas city in its notice to bidders only called for $500.00, was immaterial, where assignee of successful bidder made contract according to accepted bid, since purpose of deposit was to make sure that successful bidder would make contract according to terms of bid.

5. Municipal Corporations—Failure of Treasurer to Sign Notice Calling for Bids, Harmless.—That notice calling for bids for street and sewer improvements was signed by mayor and clerk, whereas ordinance directed mayor, clerk and treasurer to advertise for bids, held harmless.

6 Municipal Corporations—That Bond Guaranteeing Improvement Work Not Filed Until After Completion of Work, Immaterial.—Where successful bidder for street and sewer improvements made

bond guaranteeing work for five years after completion as required by ordinance, fact that he did not make bond until some time aftre completion of work was immaterial.

7. Municipal Corporations—Objection that Improvement Work Not Done Under Supervision of City Engineer Held Without Merit.— Objection that street and sewer improvement work was not done under supervision of city engineer, is without merit, where city did not have a regularly employed official city engineer, but did have engineers look after work, and it was not suggested that work was not well done.

8. Municipal Corporations—Council Held to Have Accepted Bid for Improvement.—Where successful bidders for sewer and street improvement work attached two conditions to their bid, one being that their attorneys should examine and approve proceedings of city council, and other as to execution of bond required of contractor, statement, in minutes of meeting of city council, that contract for paving streets was awarded to successful bidder, providing their attorney approved same as to payments to be made, was a clear acceptance of such bid.

9. Municipal Corporations—Conditions Attached to Bid for Improvement Could be Waived by Successful Bidders or Their Assignee.— Where successful bidders for street and sewer improvement work attached certain conditions to their bid and thereafter assigned bid to another, such conditions could be waived either by original bidders of their assignee.

10. Municipal Corporations—Meeting of Council in Place Other than Designated by Ordinance Held Valid.—Though under Kentucky Statutes, section 3633, city council was required to hold its meetings at city hall, a meeting held for convenience in a bank building, for purpose of opening bids for sewer and street improvements, which was public and attended by many citizens, was valid.

11. Clerks of Courts—Clerk of Court Penalized for Failure to Describe Exhibits in Index in Transcrit.—For failure of clerk of court to describe exhibits in index in transcript as repired by Court of Appeals Rule 5, subd. 6, $15 will be deducted from his fee for making transcript.

M. S. BURNS, and DYSARD & MILLER for appellant.

C. F. SEE, JR., A. J. GARRED, W. D. O'NEAL, and S. S. WILLIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

Appellant, who was the unsuccessful defendant below, seeks to reverse a judgment ordering his property sold to satisfy a special tax of $340.64, levied upon it by appellee for street and sewer improvement.

In 1917, the city of Louisa decided to improve its streets and sewers at the expense of the owners of the abutting property. As a matter of preliminary caution, the plan was submitted to the voters who by a vote of 93 to 32 approved the project. On December 16, 1919, it adopted an ordinance providing therefor. At once the ordinance was attacked, and the matter reached and was upheld by this court. See 187 Ky. 397, 219 S. W. 439. After this decision, the city of Louisa carried out its plans; its streets have been paved and there is not in all of this big record, even a suggestion that the work was not well done, or that it was not done at lowest possible cost. Most of the property owners paid in cash the assessments against their property. Bonds were issued to cover the assessments made against the property of the others.

Appellant declined to pay, and the city sued upon the assessment made against his property. The city succeeded, and the appellant has many reasons on account of which he insists that the judgment should be reversed; but never does he say any injustice has been done him or that the work done was not a lasting and desirable improvement. He is pleased with the work and everything connected with it, except the necessity of paying for it.

The adoption and advertisement of the ordinance is complained of, but a copy of the ordinance is in the record, and it appears to be regular. It is shown to have been unanimously adopted. In the evidence taken on behalf of the defendant, it appears that a printed copy of this ordinance is a part of the records of the council proceedings. This is identified as the ordinance under which this work was done, and it is shown that this printed copy of this ordinance was the newspaper advertisement which had been cut out and pasted in this book. It does not appear in what paper it was advertised, but section 3638 required that this ordinance be published in a newspaper published in the city, and the presumption is the city authorities did their duty. Baker, Mayor, et al., v. Combs, 194 Ky. 260, 239 S. W. 56. Therefore, we will presume that this ordinance was published in a newspaper published in the city of Louisa. Moreover, if there were any such irregularities as appellant suggests, he could easily have shown it, and under the circumstances, the burden was on him to show it. See Bates v. City of Monticello, 173 Ky. 244, 190 S. W. 1074.

Appellant says that this work was done without any plans or specifications. In the advertisement for bids we find:

"Alternate bids will be received on brick, concrete, Kentucky rock asphalt and bituminous macadam on concrete curb and gutter and vitrified storm sewer in place. The contractor may bid on any or all the types of pavements. A certified check for $500.00 must accompany each bid. Specifications, proposal blanks and detailed information concerning the condition and manner of submittting bids can be obtained by applying to the city clerk of Louisa, Kentucky, or W. Austin Smith, consulting building engineer, No. 9 Ritter Building, Huntington, W. Va. A deposit of $10.00 is required for each set of plans and specifications."

The city wisely received bids on all these various types of paving. It accepted the bid of Kelley Brothers for paving these streets with Kentucky Rock Asphalt. Plans and specifications for such paving were made part of the contract made J. L. Richmond, to whom Kelley Brothers assigned their bid.

The ordinance required bidders to make a deposit of $5,000.00 with their bids. The city, in its notice to bidders, only called for $500.00, and appellant complains of that. The purpose of asking for this deposit was to make sure that the successful bidder would make the contract according to the terms of his bid. Richmond, the assignee of the successful bidder, made the contract according to the accepted bid.

Appellant says that no grades were adopted. The record is against him, as it shows that they were. The ordinance directed the mayor, clerk and treasurer to advertise for bids. The notice calling for bids is only signed by the mayor and the clerk, and appellant complains of that. How that has harmed him we cannot see, and he has made us no suggestions.

The successful bidder was required by the ordinance to make a bond guaranteeing the work for five years after completion. He did so, but did not make this bond until September, 1923, and that is complained of. The bond was made, and the time of its making was of no importance.

The ordinance required this work to be done under the supervision of the city engineer. Louisa is a small city and is not warranted in having a regularly employed official city engineer. It did have engineers look after this work, and there is no suggestion that it was not well done.

When the bids for this work were opened, Kelley Brothers were the successful bidders, but they had attached to their bid two conditions. One was that their attorney should examine and approve the proceedings of the council. The other was that the Kentucky Rock Asphalt Company should execute the bond required of the contractor. They assigned their bid to Richmond, who made the contract, and did the work. Appellant insists that Kelley Brothers had nothing to assign because their bid had not been formally accepted. The minutes of the meeting of June 5, 1920, show this: "The contract for paving the streets was awarded to Kelley Brothers of Portsmouth, Ohio, providing their attorney approved same as to the payments to be made." We do not see how the city council could have expressed its acceptance of this bid in any clearer terms.

Kelley Brothers began an investigation of the matter, and while that investigation was in progress, their bid was assigned to Richmond. The conditions named by them relative to approval of the council proceedings and the bond were matters that could be waived either by them or their assignee, Richmond. Richmond waived them, so there is nothing in this contention.

When the city council met to open the bids, it adjourned to the Louisa National Bank building for the reason that, as the proof shows, at that place they would have access to an adding machine which they used in tabulating the bids, and besides that, the plans and specifications were on file there, and the mayor's office was there. It was perhaps more convenient to meet at that place for these reasons. This meeting was public. Many citizens were present, passing in and out during the time the matter was under discussion. It was several days from the time the bids were first opened until the contract was finally made with Richmond, and several meetings were had at this bank building during that time; but after the contract was made with Richmond, the minutes of these meetings were read and approved at a meeting of the city council held in the city hall. It is true that section 3633

of the statutes requires the council to hold its meetings at a place designated by ordinance and that the city hall was the place designated by ordinance for these meetings, and if appellant could suggest to us any way wherein he has been injured by these meetings having been held at the bank building, we might view the matter as seriously as he does, but there is not a suggestion that any member of the council or any citizen of the town was misled, and prevented from being present at these negotiations as a result of the meetings at the bank building, so we are unable to see any merit in this contention.

There are forty-one exhibits in this record and not one of them is described in any way in the index. This is a violation of subsections 9 and 10 of rule III, adopted by this court, wherein it is provided that the index shall show the page on which the exhibits may be found, and each exhibit shall be indicated in the index by some brief description, sufficient to show what the paper is.

The clerk has noted a fee of $93.00 for making this transcript, but as he failed to make it as required by our rules, $15.00 shall be deducted therefrom for failing to properly index the transcript.

The judgment is affirmed.