# Board of Councilmen of City of Frankfort, et al. v. Jillson, et al.

(Decided June 12, 1928.)

## Appeal from Franklin Circuit Court.

1. Municipal Corporations.—Under Ky. Stats., sec 3447, providing that city of third class "shall employ competent engineer," municipality failing to elect city engineer, in compliance with ordinance enacted pursuant to section 3426, could not impose upon property owners, as part costs of street construction, fees of engineer employed for particular work, hence elimination of item for engineering services from judgment against property owners was proper.

2. Municipal Corporations.—Ky. Stats., sec. 3447, providing that board of public works of municipalities of the third class shall employ a competent engineer, does not require that such a city must have at all times a city engineer, regardless of whether any public work is in progress requiring the services of one skilled and trained along engineering lines, but rather that when public work being prosecuted by city requires service of an engineer city must employ and pay him.

3.  Municipal Corporations.—In action to correct erroneous assessment for street improvement, after judgment was rendered eliminating items adjudged to have been improperly included, and which made a complete apportionment of the cost of the street improvement among those owning property abutting on street, property owners, in view of Ky. Stats., sec. 3457, were entitled to thirty days in which to make election provided for by section 3458 to· pay assessments either in cash without interest or in ten annual installments, with interest, which thirty days should run from the date of the entry of the judgment.

4.  Municipal Corporations.—Under ordinances providing that city should pay costs of improving street intersections and property owners pay costs of improving streets, catch-basins falling within part of street which was to be paid for by property owners was part of such street improvement, and catch-basins constructed within intersections were part of street improvement which city was required to pay.

5.  Municipal Corporations.—Resolution of necessity for work of improving streets, as required by Ky. Stats., sec. 3453, enacted some eighteen months prior to time of ordinances decreeing that improvement be made were enacted, and which embraced many streets of municipality, held not obsolete where street to be improved and on which objecting abutting owners resided was reached without lapse of unreasonable time.

6.  Municipal Corporations.—That amount of stone charged for and found by city council to have been used in street improvement greatly exceeded preliminary estimate therefor and necessity to use according to plans and specifications did not show fraud or collusion upon part of common council with contractor warranting court in .striking excess cost from apportionment of costs among abutting property owers, in view of Ky. Stats., sec. 3457, making common council of third-class city final judge whether streets have been constructed in accordance with plans and specifications as to cost.

FRANK M. DAILEY and LESLIE W. MORRIS for appellants.

W. C. MARSHALL for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming in part and reversing in part.

The city of Frankfort is a municipality of the third class. Steele street, in the city, between Third and Todd streets, has been improved under ordinances enacted by the city council providing that the cost be borne by the abutting property owners. Street intersections are excepted and are to be paid for by the city. This action was instituted by appellees, suing on behalf of themselves and all of the other property owners involved, to

enjoin the enforcement of the liens against their prop-
erty under the apportionment ordinance approved by the
common council, and to purge the apportionment of cer-
tain alleged illegal items.   Upon the hearing below the
chancellor adjudged that engineers' fees to the amount
of $1,245.44, cost of sidewalk concrete, $636.05, and the
cost of certain catch-basins, $420, were improperly in-
cluded in the cost of the street for which the property
owners were liable, and, eliminating those items, the ap-
portionment ordinance enacted by the city was approved
in all other particulars.   By the judgment entered the
cost of the improvement, with the corrections indicated,
was reapportioned, the amount owing by each property
owner being adjudged.   The judgment further provided
that the property owners might exercise the privilege
given them by section 3458, Kentucky Statutes, to pay
for the improvement in cash without interest or to pay
in ten annual installments, adjudging them the right to
exercise that option within thirty days after the common
council of the city of Frankfort should meet and re-
enact the apportionment ordinance in accordance with
the terms of the judgment.   The city and the contractor
who performed the work have appealed, and the prop-
erty owners have prosecuted a cross-appeal.

The item of $636.05, cost of sidewalk concrete, elim-
inated by the judgment from the total cost of the street
as approved by the city, is conceded by all parties to have
been properly eliminated.   The appeal by the city and
the contractor questions, first, the correctness of the
judgment of the chancellor as to the item of $1,245.44,
engineers' fees.   For appellants, it is insisted that this
court's opinions in Tennessee Paving Brick Co. v.
Barker, 59 S. W. 755, 22 Ky. Law Rep. 1069; City of
Harlan v. Coombs Land Co., 199 Ky. 87, 250 S. W. 501;
Shaw v. City of Mayfield, 204 Ky. 618, 265 S. W. 13; City
of Springfield v. Haydon, 216 Ky. 483, 288 S. W. 337;
Wallace v. City of Louisa, 217 Ky. 419, 273 S. W. 720;
and Hoerth v. City of Sturgis, 221 Ky. 835, 299 S. W.
1074—are decisive of the question and demonstrate that
the chancellor's judgment excluding the engineers' fees
from the cost of the street improvement was erroneous.
Tennessee Paving Brick Co., etc., v. Barker, etc., as it
relates to this question, merely decided that, since the
Statutes relating to cities of the fourth class did not re-
quire but merely authorized the city council to elect a
city engineer, the fact that the city council did not elect a

city engineer but merely employed an engineer for a particular work did not render invalid the ordinances directing the work to be done at the cost of the property owners. It does not appear from that opinion how the engineers' fees were paid, whether included in the cost of the street improvement or paid by the city from its general funds. The other opinions mentioned were written with reference to controversies arising in municipalities of the fourth and fifth classes. As written in the Barker case, the Statutes relating to fourth-class cities provide that the city council *may,* but not that it *shall,* elect a city engineer. The Statutes relating to cities of the fifth class make no mention of a city engineer at all. In view of these facts, it has been written in the opinion above referred to that an engineer may be employed for the particular work involved and the fees for his services may be charged to the property owners as a part of the cost of the improvement.

Section 3447, Kentucky Statutes, relating to municipalities of the third class, provides:

"The board of public works shall employ a competent engineer, who shall be styled the city engineer. He shall keep an office in said city, and see that all public works and improvements are executed according to contract, plans and specifications, and certify to same."

Section 3426, Kentucky Statutes, relating to municipalities of the third class, provides that the common council of such municipalities may establish a board of public works, and the concluding sentence of that section reads:

"When no board of public works has been established, the duties herein imposed shall be performed by the common council, and such other employees and agents as said common council may elect or designate."

By ordinance enacted March 17, 1897, which appears never to have been repealed or modified, the municipality here involved provided for the election, term of office, salary, and duties of the office of city engineer, and up until within a short while before the improvement of Steele street was undertaken, at such times as public work required, the city council elected a city engineer. In view of the provisions of our Statutes relative to municipalities of the third class, this court concludes that

the chancellor properly adjudged that a municipality of that class may not, by failing to elect a city engineer, impose upon the property owners as part of the cost of street construction the fees of engineers merely employed for particular work.

In view of section 3447, providing that the *city shall employ* a competent engineer, the Legislature seems clearly to have given us to understand that the costs of such work shall be borne by the city. The statute does not necessarily mean that the city must have at all times a city engineer, regardless of whether any public work is in progress requiring the services of one skilled and trained along engineering lines; but rather, that, when public work being prosecuted by the city requires the service of an engineer, the city must employ and pay him. For this reason the judgment of the chancellor eliminating the item of $1,245.44 was proper.

The effect of the judgment entered by the chancellor was that the common council must re-enact the apportionment ordinance apportioning and levying and assessing the cost of the street improvement against the property owners in accordance with the judgment. It then provided that property owners should have thirty days after this ordinance was enacted within which to exercise the option either to pay in cash or in ten yearly installments. As appellants insist, there seems to be no reason for re-enacting the apportionment ordinance, especially in view of the fact that the judgment rendered herein, after eliminating the items adjudged to have been improperly included, made a complete apportionment of the cost of the street improvement among those owning property abutting thereon. We conclude that the chancellor properly held, under the facts of this case, that property owners should be given thirty days in which to make the election provided for by section 3458 to pay either in cash without interest or in ten annual installments with interest, but the thirty days should have run from the date of the entry of the judgment. We reach this conclusion under that part of section 3457, Kentucky Statutes, reading:

> "Nor shall any error of the proceedings of the common council or said board of commissioners exempt any property from the lien for or payment of such taxes after the work has been done and accepted as provided in this section; but the common council or said board of commissioners, or the courts

in which suits are pending, shall make all corrections, rules and orders to do justice to all parties concerned, and in no event shall the city be liable for any part of the cost of such improvement except as provided in section 3450.''

In view of this language manifesting the intention of the Legislature, after the judgment in the action instituted to correct an erroneous assessment has made the correction and reapportioned the cost of the improvement accordingly, there would seem to be no necessity to require the city council to re-enact the apportionment ordinance; and, where the facts justify it, the judgment may grant thirty days from its entry to property owners in which to exercise the option either to pay in cash or in ten annual installments.

The city and the contractor complain that the judgment charged to the city the cost of five catch-basins which were constructed wholly within the street intersections. The ordinances under which this street improvement was required to be done provide that the city shall pay the cost of improving the street intersection. In other words, the street intersections are not to be regarded as a part of the street which is required to be improved at the cost of the property owners. For that reason the chancellor concluded that only such catch-basins as fell within that part of the street which was improved, for which the property owners were required to pay, could be held to be part of such street improvement, and that the catch-basins which were constructed within the intersections could not be regarded as a part of the street which was improved at the cost of the property owners. This view seems to be wholly logical. The case of Wendt et al. v. Tucker, 185 Ky. 626, 216 S. W. 61, is relied upon by appellants to establish the erroneousness of the chancellor's conclusions. That case in short held that a line of sewer pipe installed to take care of the surface drainage, which was made necessary by the peculiar topography of the place where the street was constructed, was a part of the street which was constructed, and because the street had been ordered improved at the expense of the abutting property owners the cost of the drain might properly be charged to the property owners because it was a part of the street. The same thing has been held in this case with reference to the catch-basins which were constructed within that part of the street ordered to be constructed at the expense of the abutting

property owners.   Upon the principles announced in the Wendt case, they have been charged to the property owners as a part of the street ordered to be improved at their expense, but under the ordinances under which this work has been done the street intersections are not a part of the street for the improvement of which the property owners must pay.   The catch-basins which fall within the area of the street intersections are to be regarded as a part of the improvement of the intersections for which the city must pay just as the catch-basins falling within that portion of the street to be improved at the cost of the property owners must be regarded as a part of such improvement.   Hence the chancellor properly eliminated the item of $420, the cost of the five catch-basins constructed within the area of the street intersections from the cost of the improvement for which the property owners must pay.

On the direct appeal, the judgment of the chancellor will be affirmed in all particulars save that requiring that the city council re-enact the apportionment ordinance.

On the cross-appeal, appellees insist that the resolution of necessity for the work, required by section 3453, Kentucky Statutes, under which the ordinances requiring the street improvement complained of herein were enacted, was obsolete, it having been enacted some eighteen months prior to the time the ordinances decreeing that the improvement be made were enacted.   The resolution of necessity embraced many of the streets of the municipality.   Acting under it, the work of improving the streets has progressed, the most important and most used streets being improved first.   Steele street appears to have been reached in due order, and no unreasonable time appears to have elapsed in the meanwhile.

They insist, also, on the cross-appeal, that the chancellor erred in not striking from the apportionment other items to the total amount of $3,613.   The various items going to make up this total are conceded to be materials and labor that went into the construction of the street. The complaint is that excessive quantities of various materials were taken into account in arriving at the total cost of the street.   This presents a question that must be approached from an entirely different angle than that from which the questions presented by the direct appeal were approached.   As to them, the facts were agreed and a question of law only was presented.   With reference

to whether streets have been constructed in accordance with the plans and specifications and as to the cost thereof, section 3457, Kentucky Statutes, makes the common council or board of public works of a municipality of the third class the final judge. It provides:

> "The determination of the common council or of said board of commissioners shall be conclusive and binding on all parties and shall not be questioned or contested in any court, except on the grounds of fraud or collusion on the part of the common council or the board of commissioners."

It is to be doubted if the pleadings for appellees are a sufficient attack upon the conclusions of the common council of appellant municipality as to the total number of units of the various materials used in the construction of the street in question and as to the total cost thereof. which may be charged to the property owners. The rule for determining the sufficiency of such a pleading was written by this court in Creekmore et al v. Central Const. Co., 157 Ky. 336, 163 S. W. 194. Without regard to this question, however, it is sufficient to say that the record affords no evidence of fraud or collusion upon the part of the common council in arriving at the total cost of this street.

The chief argument for appellees on this question is as to the item of crushed stone used in the construction of this street and to the effect that there must have been collusion between the council and the contractor, because the amount of stone charged for and found by it to have been used greatly exceeds the preliminary estimate as to the amount of stone it would be necessary to use and greatly exceeds the quantity which the evidence establishes it was necessary to use to construct the street according to plans and specifications. The square area of the street to be paved appears. The depth or thickness of the bed of crushed stone, when compacted, upon which the rock asphalt was to be spread, appears from the specifications. The quantity and weight of crushed stone and screenings necessary when compacted to construct a base for rock asphalt of the given specifications appears in the record. When figured in this way, it is made to appear that the amount of stone charged against the property owners as having been used in constructing this street overruns the amount figured to be necessary to construct a street of the dimensions given and specifi-

cations called for by several hundred cubic yards, though the street improved consisted only of three city blocks. The argument is that this overrun can be accounted for only by concluding that the contractor excavated below the necessary depth and then refilled with crushed stone, and in this way was paid for the material excavated and for refilling the unnecessary excavation with crushed stone, the more expensive material. We are unable to understand why there should be any material difference between the preliminary estimate as to the amount of crushed stone necessary to fill a given area to a given depth, when compacted, and the amount actually used for that purpose. The authority to construct streets at the expense of property owners should be used by municipal authorities with great care to prevent unnecessary cost. As much vigilance and care should be used in this particular as would be used by one spending his own funds. As a question of policy we doubt the wisdom of employing engineers to be paid a percentage of the cost. The municipal authorities should take care that excessive excavation be not made which necessitates, in turn, the refilling of the unnecessarily excavated portion, both processes unless detected adding to the cost. This is said, not so much as being merited by the situation here involved as it is to call the attention of municipal authorities generally to the opportunity afforded contractors to add to their profits at the expense of property owners and to the necessity for being careful and vigilant to keep at a minimum the expense to be paid by others. Though it might be argued from the calculations possible from the information afforded by the record to conclude that the common council and the engineers in charge of the work on Steele street were perhaps not as vigilant as they may have been in holding the contractor to a strict compliance with the terms of the contract, in view of the statute above quoted, the contention of appellees on the question now being considered must be rejected, for the reason that the record affords no evidence of fraud or collusion upon the part of the common council; and the judgment of the chancellor in this particular will be affirmed.

On the whole case and for the reasons appearing, the judgment in all particulars save that requiring the common council to re-enact the apportionment ordinance will be affirmed, and in that particular will be reserved with direction that a judgment in conformity herewith

be entered, property owners being given thirty days thereafter to elect to pay in cash or in ten annual installments.

The whole court sitting.