## Blanks, Mayor v. Toombs.

(Decided February 12, 1929.)

16

C. J. WADDILL for appellant.

GORDON & GORDON & MORE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an ordinary action for a writ of mandamus to compel the mayor of Madisonville, a city of the fourth class, to approve a voucher for the April salary of the assistant city engineer. The mayor defended on the ground that the voucher was illegal and unauthorized.

Toombs asserted that he was appointed assistant city engineer, reported at the proper time and place for the performance of his duty, and was prevented by the mayor from doing any work. The city council allowed the salary for the period in question, and the mayor refused to draw, sign, or countersign the requisite warrant to enable Toombs to get his pay. The mayor answered admitting that he refused to approve the appropriation, and justified his attitude by alleging that Toombs had not been elected or appointed assistant engineer, had performed no duties for the city, and that the city council had no right or authority to give away the money of the city. The circuit court awarded a writ of mandamus, and the mayor has prosecuted an appeal.

It is first insisted that Toombs was never elected or appointed to the position claimed by him, and was not entitled to any salary. The city council is authorized by the city charter to elect a city engineer (section 3558, Ky. Stats.) and to provide for his assistants (section 3559, Ky. Stats.) An ordinance was enacted providing for one assistant city engineer, to be appointed by the city council for a term of two years at a salary of $90 per month. At the regular meeting of the council on April 3, 1928, a member moved that "a committee be appointed to employ B. K. Toombs as Assistant Engineer for the term of two years at a salary of $90.00 per month beginning April 9th, 1928." The motion was seconded and received four favor-

able votes out of a total membership of six, and the ayes and nays were entered on the journal of the proceedings. It is said that the action taken did not amount to an appointment of Toombs, but provided merely for a committee, which was not appointed, and the authority to employ was left unexecuted. The majority members of the city council attempted to hold special meetings to effectuate the purposes of the preceding order of April 3d, but, in view of our conclusions as to the effect of the action taken on April 3d, it is not necessary to discuss or determine the questions raised and argued by the appellant respecting the validity of the proceedings at the special meetings. The motion made on April 3d manifested a desire to select Toombs as the assistant engineer, and the intention of the city council to dispose of the matter was not left in doubt. It is not easy to perceive any function that was left to be performed by the committee, unless it was to notify the appointee and obtain his acceptance of the appointment. Toombs got notice of the appointment, accepted it, and reported for duty. He held himself in readiness to serve the city in accordance with the ordinance which defines his duties. The city council formally approved his course, ratified his previous appointment, and allowed his salary for the period beginning on April 9th and ending May 1st. In view of the rather determined efforts of the city council to put Toombs in the position, we find no difficulty in interpreting its minutes as adequate to express its will. The council could not delegate to a committee any discretionary duty in the matter (City of Harlan v. Coombs Land Co., 199 Ky. 87, 250 S. W. 501), and it is manifest that the intention of the majority was to select Toombs then and there, without the delay which had been requested by the mayor and refused.

But it is said the council did not make the appropriation or allow the compensation of the assistant city engineer. The minutes of the May meeting show that a resolution was introduced to the effect "that B. K. Toombs, having discharged his duties as Assistant Engineer for twenty-two days in April, 1928, be allowed the sum of $66.00 for his services," and the mayor and city clerk were directed to draw and countersign a warrant to his order upon the city treasurer for the amount allowed. The resolution was read and considered, and a motion to adopt it was seconded and carried by a vote of four in favor of and two in opposition to, its enactment. That action con-

stituted an express ratification of what had been done, and demonstrated the determination of the city council to stand by its appointee and to maintain its previous position.

It is further insisted that the council was without power to provide by ordinance for the appointment by that body of an assistant city engineer, for the reason that the power of appointment was vested in the city engineer. It is said that the chief officer has the power, unless forbidden, to appoint his own deputy or assistant. Page v. Hardin, 47 Ky. (8 B. Mon.) 648; Board of Aldermen v. City of Covington, 129 Ky. 410, 111 S. W. 1007. The statutes delegate the whole matter to the city council. They provide:

"Sec. 3558. . . . It shall be lawful for the board of council to elect a city engineer, to hold his office for a term of two years. The time for his election, his salary and duties, shall be as may be fixed by ordinance, except as provided herein."

"Sec. 3559. . . . The city engineer shall have as many assistants as the board of council may prescribe. The board of council shall pass all needful ordinances to give efficiency to his department."

It will be seen that no provision was made respecting the power of appointment, and there is no implication that such power had been reposed in the city engineer or withheld from the city council. In the case cited by appellant, the matter was governed by statute and not left to the city council. It is quite clear that it was competent for the city council, under the statutes here involved, to provide by ordinance how and by whom the appointment of the assistant engineer should be made. It thus appears that the appellee was legally appointed to the position of assistant city engineer, and was entitled to be recognized as such and permitted to perform his duties. Since he was prevented from serving when he was able, ready, and willing to do so, the city is responsible to him for his salary, and the city council had the right to pay him, even though, without the fault of Toombs, no work was done by him. City of Louisville v. Ross, 138 Ky. 764, 129 S. W. 101; Gorley v. City of Louisville, 108 Ky. 789, 55 S. W. 886.

It is finally urged that there was a formal error in the judgment commanding the appellant "to countersign

the warrant'' when the statute provides that the warrant shall be drawn by the mayor and countersigned by the clerk. Ky. Stats., sec. 3555. It is not necessary for appellant to violate the statute in order to obey the judgment of the court. If the warrant is prepared in a form that proves effective to provide payment to the assistant city engineer, the order of the court will be satisfied. The plain purpose of the judgment was to accomplish that result, and what the order means is that the mayor must perform his statutory duty of executing the order of the city council allowing pay to the assistant city engineer. The form is not material if the ultimate object is attained. The city has a system for the payment of its current expenses, and the original ordinance provided for the,payment of the salary of the assistant engineer out of the city treasury. The mayor is only required to conform to the custom in the matter of paying salaries and expenses pursuant to the appropriate orders of the city council. It is not suggested how any embarrassment could be encountered by the mayor in obeying the spirit of the court's command, and, when he does so, no fear need be entertained of infringing the letter thereof.

It is our judgment that the circuit court was correct in its finding of facts and conclusions of law, and in awarding to the appellee, in the circumstances presented, an appropriate remedy.

The judgment is affirmed.