**Jesse BATES, Appellant,**

v.

**CITY OF JENKINS, Kentucky, a City of the Fourth Class, et al., Appellees.**

Court of Appeals of Kentucky.

March 20, 1959.

Harry M. Caudill, Whitesburg, for appellant.

Leroy W. Fields, Whitesburg, for appellees.

MILLIKEN, Judge.

The appellant, Jesse Bates, who was elected police judge of the City of Jenkins, a fourth class city, at the November, 1957, regular election, brought this action to mandamus the city to pay him a salary of $200 a month instead of at the rate of $100 a month. The case turns on whether the City Council effectively reduced the $200 monthly salary established for the office by ordinance in 1929.

The record in this case displays some poor municipal bookkeeping. At the regular meeting of the City Council on February 2, 1957, prior to the election of the appellant to the office of police judge in the following November, the council unanimously decided to reduce the salary of the police judge from $200 a month to $100 a month, and a memorandum to that effect is in the minutes of that meeting. An ordinance for the purpose subsequently was drawn up and posted in at least three public places in the city, but there is no record

whatsoever of the presentation of the drafted ordinance to the council and its adoption. Nor is there anything in the March and April meetings of the council showing that the minutes of the February meeting were approved. It may be that the draft of the ordinance, which had theretofore been posted, was read at the March, 1957, meeting, but there is no record of its adoption at that meeting or at all. However in March, 1958, after the election of the appellant, one of the posted copies of the alleged ordinance was taken down and that copy was placed in the city ordinance book in June, 1958, by the city clerk for that year as if it had been formally adopted.

■ While it appears from the testimony of members of the council and the former city clerk that the council intended to enact such an ordinance the city records do not establish its adoption. We are forced to the conclusion that the council did not adopt the ordinance, because it is fundamental that a public governmental body, such as a city council, can speak effectively only through its records and the record here does not show the adoption of the ordinance. Spalding v. City of Lebanon, 156 Ky. 37, 160 S.W. 751, 49 L.R.A.,N.S., 387; City of Harlan v. Coombs Land Company, 199 Ky. 87, 250 S.W. 501; City of Prestonsburg v. Mellon, 220 Ky. 808, 295 S.W. 1064; City of Monticello v. Regan, 258 Ky. 223, 79 S.W.2d 720; Ky.Digest, Municipal Corporations, ■ 37 Am.Jur., Municipal Corporations, Section 64. It is the prevailing rule in this jurisdiction that omissions in municipal records may not be supplied by parol evidence under the circumstances shown here. Ky.Digest, Evidence, ■ ■ See, also, 20 Am.Jur., Evidence, Section 1165. We must point out that in Baker v. Combs, 194 Ky. 260, 239 S.W. 56, relied upon by the city, the city minutes showed that the ordinance there involved was recorded and shown to have been adopted, so the opinion in that case is not pertinent here despite the fact that it expresses the observation that the same

exactness is not required in the records of a city council as is required of a court of record. Since the tentative minutes of the February, 1957, City Council meeting were never approved at a subsequent meeting of the council we are not in a position to construe the motion of that date, apparently carried by a unanimous vote, to reduce the police judge's salary for the next term, as a resolution to that effect, even if we were inclined to so construe it. 37 Am.Jur., Municipal Corporations, Section 52.

■ We conclude that the ordinances of 1928 or 1929 setting the salary of the police judge at $200 a month have not been repealed, are still in effect, and that the appellant consequently is entitled to receive $200 a month for his services as police judge.

The judgment is reversed.