## Napier v. Trace Fork Mining Company.

(Decided December 16, 1921.)

### Appeal from Perry Circuit Court.

1. Appeal and Error—Granting of Appeal by Lower Court.—Under section 950 of the statutes, where only a sum of money less than $500.00 is involved on appeal, this court must grant the appeal, but a statutory lien upon real estate being also directly involved, the lower court properly granted the appeal.

2. Contracts—Time Essence of.—Where plaintiff agreed to construct a grade for a sidetrack in consideration of defendant's agreement to pay him $1,500.00 if he completed the work by a certain date, but only $1,250.00 if he did not complete it by that date, time was of the essence of the contract so far as the increased pay is concerned, and having failed to complete the work within the specified time plaintiff was not entitled to the larger amount because of the fact that his work was hindered and delayed by an unforeseen epidemic of influenza or that the work was accepted by defendant when completed.

3. Interest—Time of Computation.—Interest was properly allowed upon the uncontested amount due plaintiff from date of judgment

rather than from date the work was accepted, since defendant then and by his answer offered to pay plaintiff the amount which he refused to accept and expressly waived a legal tender.

4.   Judgment—Omitting Lien—Clerical Errors.—Where by oversight or inadvertence rather than design an order of sale to enforce an adjudged lien for the uncontested amount was omitted from the judgment, to which the record clearly shows plaintiff was entitled, and which was not opposed by the defendant, the error is clerical rather than judicial, and without motion to correct it before appeal does not furnish ground for reversal.

EVERSOLE & TURNER for appellant.

WOOTTON, REEVES & WOOTTON and B. P. WOOTTON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an appeal by the plaintiff from a judgment which allowed him only $315.05, instead of $565.05 claimed as the balance due him for constructing a grade for a sidetrack about six hundred feet in length leading from the L. & N. R. R. Company's tracks to defendant's mine under a verbal contract, and which in addition denied him $200.00 claimed for extra work performed in connection with the contract.

The amount now involved is therefore less than $500.00, and if that were all this court only could have granted the appeal; but a statutory lien on land for the contested amounts is also directly involved and the appeal was properly granted by the lower court. Section 950, Kentucky Statutes; Hatfield v. Richmond, 177 Ky. 183, 197 S. W. 654, and Miller's Appellate Practice, section 24.

The contract, it is agreed, was entered into about September 23, 1918, and provided that plaintiff was to construct the grade for the sidetrack by removing about 2,750 yards of dirt from the high points into the low places along the designated route, and prepare the ground for the ties; that if he completed his contract on or before the night of October 20th, later extended to October 25th, 1918, he was to receive $1,500.00, but if he did not complete it within that time he was to receive only $1,250.00 for his work.

In addition plaintiff claimed defendant was to advance him money as needed for his pay rolls; while defendant contends that it merely consented, after the contract had been fully executed, to make such advancements

to plaintiff as it deemed proper and only if the work was being hurried to completion according to contract. Upon this point we think the proof sustains the defendant and that it fully complied with its agreement or promise by the advancements which it made to plaintiff, as the work progressed, amounting, as is agreed, to $934.95.

The preponderance of the evidence is also to the effect that the 2,750 yards of dirt required to be moved from the high places was more than sufficient to make the fills and that the extra dirt which plaintiff procured from other sources and for which he claims the extra $200.00 was not needed but was used by plaintiff because of the shorter haul and less expense to do so rather than use the dirt from the high places on the grade, a part of which he acknowledges he wasted.

Since the commissioner who, under order of court, heard and reported upon the evidence and the chancellor in passing upon the exceptions to his report reached the same conclusions as we have upon these two questions of fact, we do not deem it necessary to set out the evidence here as no useful purpose could be served by so doing.

Plaintiff did not complete the grade until December 10th, and it is contended by his counsel with every evidence of conviction but without citation of authority that time is not of the essence of this contract and that he is excused for not completing it within the specified time and entitled, nevertheless, to the larger amount he was to receive had he completed it within that time because of an epidemic of influenza which made it impossible for him to procure the necessary labor. That his work was hindered and delayed by this condition, which developed after the execution of the contract, is thoroughly established, but it is by no means satisfactorily proven that the completion of the contract within the specified time was rendered impossible or other than more difficult and expensive.

But, be that as it may, it is very clear that in so far as the payment of $1,500.00 rather than $1,250.00 for the work is concerned time was of the very essence of the contract, since by its express terms plaintiff's rights to and defendant's liability for the larger amount were conditioned upon the completion of the work within the specified time; and the only conceivable purpose of this provision was to entirely relieve defendant and place upon plaintiff absolute responsibility for every possible delay, whatever its cause, so far as the increased pay is con-

cerned. Moreover, the facts of this case do not furnish an occasion for a consideration of the authorities as to what unforeseen circumstances from which unavoidable delay in performance results, will excuse acceptance and payment for the work according to contract, since defendant accepted the work as soon as it was completed and offered to pay plaintiff therefor in exact accordance with the plain and unambiguous terms of the contract. This offer, renewed in defendant's answer, plaintiff at all times has refused to accept.

Narrowed to its facts our case then is: May unforeseen circumstances of the kind described, or any other for that matter, which arise within the stipulated time for completing the contract, and an acceptance of the work thereafter by defendant, entitle plaintiff to compensation otherwise than as they have agreed without reservation or exception he shall be paid in case of delay? That this question must be answered affirmatively is what plaintiff is really contending, but, thus truly stated, neither argument nor authority is required to expose the apparent fallacy of the contention.

Another complaint is that the court erred in allowing interest from the date of the judgment rather than from the time the work was accepted by defendant, but this contention is without merit, since at the time of acceptance defendant offered to pay plaintiff the full amount due him, which he refused to accept and expressly waived a legal tender.

The final ground urged for a reversal is that while the court, for the amount admitted to be due him, adjudged plaintiff a mechanic's lien, which he had perfected in accordance with the statutes, upon the defendant's real estate improved by his work, no sale of same was ordered to satisfy the lien in accordance with the prayer of his petition. That this was error, but due to inadvertence or oversight rather than design, is at once apparent, since defendant did not upon the trial and does not now deny his right thereto, which clearly and indisputably appears from the record. This was a clerical rather than a judicial error which plaintiff could and should have had corrected by motion calling the court's attention to it before praying an appeal and which the court can and will correct upon motion at any time, if the defendant fails or refuses to pay the amount adjudged against it, which it has been willing and offering to do at all times

since the work was accepted but which plaintiff would
not permit it to do.   Manifestly the judgment should not
be reversed for this reason and, the other reasons as-
signed having been overruled, it is affirmed.