## Muntz v. Mastin.

(Decided March 8, 1932.)

SWINFORD & SWINFORD for appellant.

HANSON PETERSON for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Dismissing appeal.

R. T. Doan and J. T. McCauley were adjoining landowners in Harrison county, and each maintained half of the fence between them. On the death of R. T. Doan about 30 years ago Ruth Muntz inherited half of his land and purchased the other half from her brother. Upon the death of J. T. McCauley 12 or 13 years ago his land

was divided into three tracts, one of which, consisting of 65 acres, passed to Carrie Mastin. After the death of her father, R. T. Doan, Mrs. Muntz maintained the whole of the fence that had been maintained by her father, and J. T. McCauley maintained the other half. After Mrs. Mastin acquired title she kept in good repair half of the fence between her 65-acre tract and the lands of Mrs. Muntz, and the other half was permitted to get into bad repair. Thereupon Mrs. Muntz gave Mrs. Mastin notice to repair the other half, which Mrs. Mastin declined to do on the ground that she was already maintaining her half of the fence. Mrs. Muntz then repaired the half not being maintained by Mrs. Mastin at an expense of $85.55, and brought this suit against Mrs. Mastin for that amount, and prayed for a lien on Mrs. Mastin's land on the ground that she had acquired a prescriptive right or easement to require Mrs. Mastin to maintain the whole of the fence between their lands. On final hearing the court rendered a judgment in favor of Mrs. Mastin, and Mrs. Muntz appeals.

At the outset we are confronted by the question of jurisdiction. Under the statute a party may appeal as a matter of right from a judgment of the circuit court regardless of the amount in controversy, in all cases in which the right to enforce a statutory lien on land is directly involved. Kentucky Statutes, sec. 950-1; Napier v. Trace Fork Mining Co., 193 Ky. 291, 235 S. W. 766; Wendt v. Tucker, 185 Ky. 626, 216 S. W. 61. Therefore, the question of jurisdiction turns on whether this is a case involving a statutory lien on land. Section 1783, Kentucky Statutes, merely gives to the landowner a lien on trespassing cattle as against the adjoining landowner, who fails to keep in repair his portion of a division fence existing by agreement or acquiescence, or as provided in section 1784. Section 1784, Kentucky Statutes, reads in part as follows:

"When a division fence is desirable, or is made necessary by the division of improved or inclosed lands, or when no fence or no division fence exists between the improved or inclosed lands of adjoining owners, or the lands where the right of way is owned by one party, either party may, after he has built a lawful fence upon his proportion of the line, require the other to erect a lawful fence out of planks, rails, wire and plank, upon his proportion of

the line; but no barbed wire shall be used, without the consent of both parties to the fence; and if he fails so to do, after three months' notice, in writing, may erect such fence, and the cost of erecting such fence shall constitute a lien, superior to all others, upon the land of the recusant in favor of the party erecting such fence, and shall be enforced as other liens.''

This section is confined in its application to cases where a division fence is desirable, or is made necessary by the division of improved or inclosed land, or when no fence or no division fence exists between the improved or inclosed lands of adjoining landowners, or the lands where the right of way is owned by one party. It does not cover division fences existing by agreement or acquiescence, and gives no lien for repairs. On the contrary, the only statute regulating the repair of division fences gives to a part owner, upon the failure of the other part owner to repair his portion of the fence, the right after notice to make the repairs and recover only the cost of repairs from the recusant. In the case before us the right to a lien for repairs is asserted on the sole ground of prescription, based on an implied agreement or acquiescence, and no lien therefor is given by statute. That being true, the right to enforce a statutory lien on land is not involved. It follows that this court is without jurisdiction to entertain the appeal.

Wherefore, the appeal is dismissed.