## Stidham v. Little's Adm'r et al.

(Decided Dec. 12, 1933.)

A. F. BYRD and G. B. STAMPER for appellant.

O. H. POLLARD, A. H. PATTON and A. S. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Harve Little owned a farm about 15 miles from the town of Jackson, in Breathitt county, and contracted with Bryant Stidham to do the carpentering work on a house which he proposed to build. Stidham performed the work and filed in the office of the clerk of the Breathitt county court a written verified statement of the amount of his claim and the property on which he claimed and sought a lien, and had the same duly recorded. Little died on May 31, 1928, and A. L. Gambill was appointed and qualified as administrator of his estate.

This action was brought by Stidham against Little's administrator to enforce his mechanic's lien. It was alleged in the petition that under the contract Stidham was to do the work at the price of 80 cents per hour, and Little was to furnish the material and board plaintiff while he was at work; that Stidham worked for 432 hours at 80 cents per hour, which amounted to $345.60, and also furnished one ventilator worth $3.00 and a window cord of the value of $2.75, the total value of the work done and the material furnished amounting to $351.35. It was also alleged that when Stidham ceased to work on the building he made a settlement with Little fixing the amount and value of the work and material furnished at $351.35, which amount Little promised to pay. During the progress of the action Phyllis Reed, the only heir of Little, and A. S. Johnson, who had purchased the property from her, were made parties. Johnson filed an answer and counterclaim denying the allegations of the petition, and pleading that the total value of all labor performed by Stidham did not exceed $100, which he believed and charged was paid by Harve Little before his death. He also pleaded other defenses not material. On final hearing Stidham was given judgment against Little's estate for $170, with interest, and was adjudged a lien on the property in question for the sum of $175, instead of the whole amount of his claim. From that judgment Stidham has prayed an appeal.

At the outset we are met by the contention that the

appeal will have to be denied on the ground that the amount in controversy is the difference between $175, the amount recovered, and $351.35, the amount sued for, which is only $175.35, and therefore insufficient to confer jurisdiction. In so far as Little's administrator is concerned, the contention is sound, since only a money judgment was recovered of the estate and the amount in controversy is less than $200; but, with respect to appellee A. S. Johnson, the situation is different. No money judgment was sought or obtained against him, but appellant was awarded a mechanic's lien on the property which Johnson had purchased. A mechanic's lien is a statutory lien, and by the express terms of the statute an appeal may be taken to this court as a matter of right from the judgment of the circuit court "in all cases in which the title to land or the right to an easement therein. or the right to enforce a statutory lien thereon is directly involved," regardless of the amount of money in controversy. Ky. Stats. section 950-1; Napier v. Trace Fork Mining Co., 193 Ky. 291, 235 S. W. 766.

Coming to the merits of the case we have on the one hand the evidence of Carl Cundiff, who was present when the contract was made between Harve Little and Bryant Stidham that Little agreed to pay Stidham 80 cents an hour and his board and expenses while he was working on the house; that Stidham was a No. 1 carpenter and the workmanship on the Little house was good, and that he made an estimate of both the material and labor on the house and estimated the carpenter work at $439.46; also the evidence of S. H. Stidham that he and W. M. Fraley were present when Bryant Stidham finished working on the Little house, and he heard a settlement between Stidham and Little by which they were figuring Stidham's work at 80 cents per hour, and by which Little agreed to pay Stidham in settlement for his work the sum of 350 some odd dollars; that Stidham would have to wait on him for a while, but, if he got in position where he had to have the money, he (Little) would go to town and make a bank note so he could get the money; also the evidence of W. M. Fraley, who finished the work on the house after Stidham quit working, that he was present when the settlement between Stidham and Little was made; that Little wanted to know the amount due, that Stidham

said it was $350, and Little then and there agreed to pay him the sum so named. On the other hand we have the testimony of Farrish Back and Harlan Strong that they made an estimate of the work done on the house and fixed its reasonable value according to market prices and labor at the time at $169.50. This estimate, however, was based on the work being done by one man and his helper, who together would receive $1 an hour. Back admitted, however, that it would have taken one man 387 hours to do the work, which, according to the contract rate of 80 cents an hour, would amount to $309.60. Inasmuch as the estimates of Back and Strong made after the work was finished were based on two men working at the rate of $1 an hour, and were coupled with the admission that it would have taken one man 387 hours to complete the work, we are not disposed to hold that their evidence was sufficient to overcome the evidence that the contract rate was 80 cents an hour, and that Little agreed to settle on that basis. On the contrary we are inclined to the view that the evidence does not support the finding of the chancellor, and that Stidham should have been awarded a lien for the full amount claimed.

Wherefore, the appeal as to Little's administrator is denied, but on the appeal as to Johnson the judgment is reversed, and cause remanded for directions to enter judgment in conformity with this opinion. Little's administrator will pay no part of the costs, but three-fourths of the costs will be taxed against Johnson and one-fourth against appellant.