**HAYNIE et al. v. BENTON et al.**

Court of Appeals of Kentucky.
May 22, 1953.

Eldon S. Dummit and George E. Barker, Lexington, for appellants.

John M. Kelly and Clem F. Kelly, Lexington, for appellees.

COMBS, Justice.

The only question on this appeal is whether appellants are entitled to a mechanic's and materialman's lien for the value of materials and services performed by them as subcontractors in the construction of a house owned by the appellees. The answer to the question depends on when appellants last furnished the materials and services for which the statute gives a lien.

Appellants agreed to do the plastering on appellees' house under a contract with the general contractor. They commenced work in November, 1950, and during that month completed the lathing and applied the first coat of plaster. They were then compelled to stop work because of cold weather and lack of heat in the house. On the following January 14 the general contractor notified appellants that heat had been placed in the building and that the plastering could be completed. On January 19 appellants sent two workmen to the house to make arrangements to complete the job. In addition to their tools, the men took with them four bags of gauging plaster to be used in completing the job. Although temporary heat had been placed in the building, the men found that a vat of lime and water to be used in making the plaster was still frozen solid. They proceeded to break up the lime and transfer it into smaller containers so as to facilitate its thawing. They also erected the scaffolding which was necessary in applying the final coat of plaster. This work required about one-half day and one of the men returned later to tend the fire. The gauging plaster referred to above was left in the building, but the record is silent as to its subsequent disposition.

Several days later, and before the lime had sufficiently thawed for use, appellees informed appellants that the general contractor had been released from the job. They later informed appellants that other persons had been employed to finish the plastering.

On February 13 appellants gave appellees written notice of their intention to claim a mechanic's and materialman's lien under KRS 376.010(3) in the amount of $516.67, and the following day filed a statement of lien as required by the statute.

Subsection 3 of the statute requires that notice of the subcontractor's intention to claim a lien must be given to the owner "within thirty-five days after the last item of material or labor is furnished". It is admitted that if the work performed or the materials furnished by appellants on January 19 amounted to furnishing materials or labor within the meaning of the statute, then the notice given to appellees was in time; but, if those services and materials were not sufficient to create a lien, the notice was not given in time.

This Court has held that the mechanic's and materialman's statute should be liberally construed. Stidham v. Little's

Adm'r, 251 Ky. 707, 65 S.W.2d 1028; Powers v. Brewer, 238 Ky. 579, 38 S.W.2d 466. But it has also been said that subsection 3 of the statute, providing for notice to the owner within 35 days after the last work is performed or materials furnished, is mandatory and must be substantially followed in order to acquire a lien. Wolfin-Luhring Lumber Co. v. Mosely, 152 Ky. 701, 154 S.W. 22; and the burden of proving the lien is on the one claiming it. In re Louisville Daily News & Enquirer, D.C. Ky., 20 F.Supp. 465. This Court has also written that the time for giving notice to the landowner cannot be extended by furnishing labor or material that is trivial and not necessary for the completion of the contract. National Surety Co. v. Price, 162 Ky. 632, 172 S.W. 1072; Henry Koehler & Co. v. Hines, 185 Ky. 270, 214 S.W. 906.

The Chancellor was of the opinion —and we think correctly so—that this case falls within the rule laid down in Avery & Sons v. Woodruff & Cahill, 144 Ky. 227, 137 S.W. 1088, 1090, 36 L.R.A.,N.S., 866. The question in that case was whether the furnishing of lumber which did not become a part of the building but which was consumed in the use for which it was furnished, that is, in making concrete forms, was sufficient to create a materialman's lien under the statute. The court allowed the lien, and said in the opinion:

"It is sufficient if their use was necessary, and they were in fact used or consumed in the making of the improvements."

It will be noted that the foregoing rule makes the lien contingent upon the existence of two conditions; first, the labor or materials must be necessary; and second, as regards the materials, they must in fact be used or consumed in the making of the improvements. The Chancellor denied the lien in this case because it was not shown that any of the labor performed or materials furnished on January 19 was applied to or used in the construction of the house. We think he reached the right result. There is no evidence that the scaffolding constructed by the workmen or the gauging plaster left by them was consumed or used in finishing the job.

We are not holding that the owner may intentionally defeat the materialman's lien by his wilful refusal to use needed materials which have been furnished in good faith under prior agreement. In the absence of bad faith, however, we are of the opinion the rule laid down in the Avery case is sound and should be followed.

The judgment is affirmed.